In re PRODUCTION STEEL, INC.,
Debtor-in-Possession.

COWLES TOOL COMPANY, Plaintiff,

v.

PRODUCTION STEEL, INC., Defendant.

Bankruptcy No. 382–01255.
Adv. No. 382–0313.

United States Bankruptcy Court,
M. D. Tennessee,
Nashville Division.

July 30, 1982.

M. Edward Owens, Jr., Chambers, Johnson, Wyckoff & Beckner, Nashville, Tenn., for debtor-in-possession.

John C. Hess, Steltemeier & Westbrook, Nashville, Tenn., for plaintiff.

## MEMORANDUM [1]

KEITH M. LUNDIN, Bankruptcy Judge.

The issue presented is whether a seller of goods asserting a statutory right of recla-

---

1. The following shall constitute findings of fact and conclusions of law pursuant to Rule 752, Federal Rules of Bankruptcy Procedure. This case is before the court on defendant's motion to dismiss plaintiff's complaint, under Rule 12(b)(6) of the Federal Rules of Civil Procedure and Rule 712 of the Federal Rules of Bankruptcy Procedure. The findings of fact herein are based upon the allegations of plaintiff's com- plaint, which must be taken as true for purposes of ruling upon the motion. *Adickes v. Kress & Co.,* 398 U.S. 144, 157, 158–159, 90 S.Ct. 1598, 1608–1609, 26 L.Ed.2d 142, 154–155 (1970); *Smith v. Hudson,* 600 F.2d 60, 63 (6th Cir. 1979), *cert. dismissed* 444 U.S. 986, 100 S.Ct. 495, 62 L.Ed.2d 415. Although this case was decided from the bench, a fuller explana- tion is required as this case presents a recur-

mation who fails to make timely demand on the debtor is entitled to relief from the stay to reclaim under state law. For the reasons stated below, the court finds that failure to allege the elements of a right of reclamation under applicable law is fatal to plaintiff's request for relief from the stay.

On January 1, 1982 plaintiff/seller received a purchase order from defendant for certain tooling. In the ordinary course of business, the plaintiff caused the tooling to be manufactured and shipped to the defendant on April 7, 1982. The tooling was received by the defendant on April 13, 1982. The purchase price for the tooling was $24,-645.02. Defendant filed its petition under Chapter 11 on April 22, 1982. Plaintiff never made written demand on the defendant/debtor for reclamation. The debtor was insolvent at the time of receipt of the tooling. On May 20, 1982 plaintiff filed a complaint seeking relief from the stay to reclaim the tooling pursuant to the Tennessee Uniform Commercial Code.

■ Section 546(c) of the Bankruptcy Code[2] places a limitation on the powers of a trustee[3] to defeat the statutory or common law rights of a seller to reclaim goods in the hands of a debtor in bankruptcy. If the seller makes written demand "before 10 days after receipt of such goods by the debtor,"[4] the seller may assert a statutory or common law right of reclamation notwithstanding the "strong arm" powers and other powers afforded the debtor under 11

U.S.C.A. §§ 544(a), 545, 547, 549 (West 1979). Several courts have held that compliance with the 10-day written notice requirement of § 546(c) is the exclusive remedy in bankruptcy for a reclaiming seller. *Plastic Distributing Corp. v. Koro Corp.*, 20 B.R. 241 (Bkrtcy. 1st Cir. 1982) (lack of timely written demand is fatal); *Ateco Equipment, Inc. v. Columbia Gas of Pennsylvania*, 18 B.R. 917, 8 B.C.D. (CRR) 1165, 1167 (Bkrtcy.W.D.Pa.1982) (10-day demand is required whether the seller is relying on U.C.C. § 2–702(2) or common law fraud as the basis for reclamation). *See also In re Original Auto Parts Distributors, Inc.*, 9 B.R. 469, 7 B.C.D. (CRR) 490, 492 (Bkrtcy.S. D.N.Y.1981); *B. Berger Co. v. Contract Interiors, Inc.*, 14 B.R. 670, 8 B.C.D. (CRR) 174, 176 (Bkrtcy.D.Mich.1980). *But see United Beef Packers v. Lee (In re A. G. S. Food Systems, Inc.)*, 14 B.R. 27, 8 B.C.D. (CRR) 178 (Bkrtcy.D.S.C.1980) (§ 546(c) held inapplicable to seller who complied with state law reclamation requirements prior to the filing of the bankruptcy petition). On the facts presented in this case, the court need not reach the question whether § 546(c) is the exclusive remedy for reclaiming sellers in bankruptcy cases.

The plaintiff has failed to allege facts entitling it to relief from the stay. Plaintiff's complaint states that the bankruptcy court should grant relief from the stay to proceed with reclamation under Tenn.Code Ann. § 47–2–702 (1979). Plaintiff alleges that it delivered tooling to the defendant

---

ring problem for sellers of goods to insolvent buyers.

**2.** 11 U.S.C.A. § 546(c) (West 1979) provides:

(c) The rights and powers of the trustee under sections 544(a), 545, 547, and 549 of this title are subject to any statutory right or common-law right of a seller, in the ordinary course of such seller's business, of goods to the debtor to reclaim such goods if the debtor has received such goods while insolvent, but—

(1) such a seller may not reclaim any such goods unless such seller demands in writing reclamation of such goods before ten days after receipt of such goods by the debtor; and

(2) the court may deny reclamation to a seller with such a right of reclamation that has made such a demand only if court—

(A) grants the claim of such a seller priority as an administrative expense; or

(B) secures such claim by a lien.

**3.** Though § 546(c) speaks in terms of reclamation by a seller from a trustee, 11 U.S.C.A. § 1107 (West 1979) grants the debtor-in-possession the particular rights and powers of a trustee at issue in § 546(c).

**4.** It is unnecessary for the court on the facts presented in this case to express an opinion whether "before 10 days" means within 10 days or within a shorter time.

953

and that the defendant was insolvent upon receipt of the tooling. Tenn.Code Ann. § 47–2–702 (1979) provides in pertinent part as follows:

* * * * * *

(2) Where the seller discovers that the buyer has received goods on credit while insolvent he may reclaim the goods upon demand made within ten (10) days after the receipt, but if misrepresentation of solvency has been made to the particular seller in writing within three (3) months before delivery the ten (10) day limitation does not apply. Except as provided in this subsection the seller may not base a right to reclaim goods on the buyer's fraudulent or innocent misrepresentation of solvency or of intent to pay.

(3) The seller's right to reclaim under subsection (2) is subject to the rights of a buyer in ordinary course or other good faith purchaser or lien creditor under this chapter (§ 47–2–403). Successful reclamation of goods excludes all other remedies with respect to them.

The complaint does not allege that demand was made upon the debtor for reclamation within 10 days after receipt of the tooling. The complaint does not allege that the debtor is guilty of a misrepresentation of solvency within three months before delivery of the tooling. No other statutory or common law theory of recovery is alleged by the plaintiff in its complaint.[5] The defendant correctly states in its motion to dismiss that the plaintiff has failed to state a claim for relief from the stay.

Plaintiff contends that the automatic stay provisions of 11 U.S.C.A. § 362 (West 1979) prevented it from complying with the 10-day demand requirements of § 546(c) and Tenn.Code Ann. § 47–2–702 (1979).[6] Plaintiff cites no particular subsection of § 362 in support of this proposition. A review of § 362 suggests that the plaintiff must be relying on § 362(a)(3). Section 362(a)(3) stays "any act to obtain possession of property of the estate or property from the estate." It is the opinion of this court that the giving of a notice of a seller's intention to seek reclamation of goods is not itself an "act to obtain possession of property" subject to the stay of § 362(a)(3).[7] Such a demand does not affect the debtor's right to possession of the property. The

---

**5.** The court notes that 11 U.S.C.A. § 108(c) (West 1979) is no help to the plaintiff's position. Section 108(c) provides in pertinent part:

(c) Except as provided in section 524 of this title, if applicable law, an order entered in a proceeding, or an agreement fixes a period for commencing or continuing a civil action in a court other than a bankruptcy court on a claim against the debtor, or against an individual with respect to which such individual is protected under section 1301 of this title, and such period has not expired before the date of the filing of the petition, then such period does not expire until the later of—

(1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; and

(2) 30 days after notice of the termination or expiration of the stay under section 362, 922, or 1301 of this title, as the case may be, with respect to such claim.

The giving of a demand for reclamation under the Uniform Commercial Code is not "commencing or continuing a civil action in a court." Thus although § 108 appears to extend the statute of limitations in situations where a plaintiff's cause of action is cut off by an intervening petition in bankruptcy, § 108 does not appear to extend the 10-day period for demand for reclamation under applicable provisions of Tennessee law.

**6.** This claim is similar to the argument rejected by Bankruptcy Judge Bare in a case under the prior bankruptcy Act, *In re Childress*, 6 U.C.C. REP.SERV. (CALLAGHAN) 505 (E.D.Tenn. 1969). In *Childress* the reclaiming seller sought to excuse its failure to give the demand required by applicable state law on the theory that "the filing of the bankruptcy petition and the appointment of a receiver within the 10-day period prevented it 'from claiming its said property ....'" Judge Bare found that "the filing of the bankruptcy petition did not prevent 'demand' from being made." *Childress*, 6 U.C.C.REP.SERV. (CALLAGHAN) at 506.

**7.** By this finding the court does not intend to suggest that the giving of other forms of notice relating to the collection of debts or the taking of possession of property would also be outside the reach of § 362. The court is today holding only that a notice of a seller's intent to seek reclamation of goods is not itself subject to the stay of § 362.

administration of the estate is not upset. A seller making timely demand for reclamation would, of course, still have to seek relief from the stay to take postpetition possession of the goods.[8] The making of demand for reclamation merely puts the debtor on notice of the seller's intent to seek reclamation. *See Columbine P & S Fund, Inc. v. Hellenschmidt,* 5 B.R. 758, 6 B.C.D. (CRR) 1051, 1052 (Bkrtcy.D.Col.1980) (filing of notice of intent to redeem is not stayed by § 362(a)). The plaintiff's argument that the stay prevented it from complying with applicable law is without merit.[9]

Accordingly, the defendant's motion to dismiss is GRANTED.

---

**8.** Section 546(c)(2) indicates that the bankruptcy court could deny reclamation even after timely demand by a seller if the debtor grants the seller an administrative priority or secures the seller's claim with a lien.

**9.** This holding is consistent with the provisions of the Bankruptcy Code which permit certain acts by creditors to perfect interests in property after the filing of a petition in bankruptcy.
    Section 546(b) provides:
    The rights and powers of the trustee under section 544, 545, or 549 of this title are subject to any generally applicable law that permits perfection of an interest in property to be effective against an entity that acquires rights in such property before the date of such perfection. If such law requires seizure of such property or commencement of an action to accomplish such perfection, and such property has not been seized or such action has not been commenced before the date of the filing of the petition, such interest in such property shall be perfected by notice within the time fixed by such law for such seizure or commencement.

11 U.S.C.A. § 362(b)(3) (West 1979) states that the filing of a petition does not operate as a stay "of any act to perfect an interest in property to the extent that the trustee's rights and powers are subject to such perfection under § 546(b) of this title." Section 362(b)(3) thus specifically protects from the operation of the stay certain acts by creditors under § 546(b) to perfect interests in property after the filing of a petition in bankruptcy. Sections 362(b)(3) and 546(b) have been interpreted to permit the holder of an unperfected mechanic's lien to file its notice of lien post petition without running afoul of the automatic stay. *See In re Fiorillo & Company,* 19 B.R. 21, 8 B.C.D. (CRR) 1169 (Bkrtcy.S.D.N.Y.1982). Notwithstanding this reference to § 546(b) in § 362(b), there is no reference to § 546(c) in § 362(b). Though at first glance this may appear to be a congressional oversight, the holding that giving demand for reclamation is not subject to the stay of § 362(a) serves the apparent congressional intent to protect reclaiming sellers giving notice within 10 days of delivery of goods from certain of the trustee's avoiding powers.