In re A. G. S. FOOD SYSTEMS, INC., Debtor.

**UNITED BEEF PACKERS, Plaintiff,**

v.

L. Winston LEE, as Trustee of A. G. S. Food Systems, Inc., Defendant.

Bankruptcy No. 80–00415.
Complaint No. 80–0087.

United States Bankruptcy Court,
D. South Carolina.

Nov. 26, 1980.

J. Richard Kelly, Greenville, S. C., for plaintiff.

James H. Cassidy, Greenville, S. C., for defendant.

## ORDER

J. BRATTON DAVIS, Bankruptcy Judge.

This matter is before the court on the complaint of United Beef Packers which seeks to recover certain beef products from the trustee.

On May 22, 1980 the plaintiff delivered to the debtor, on credit terms, a load of beef having a value of $53,558.64. Subsequently, the plaintiff became concerned about the financial condition of the debtor and made a decision to attempt to reclaim the beef.

The plaintiff contracted with Refrigerated Transport Company to pick up the beef at the debtor's place of business. During the morning of Monday, June 2, 1980, Mr. Sugarman, a driver for Refrigerated Transport, went to the debtor's place of business where he requested the meat. Sugarman was repeatedly told that Walter E. Heller Company and SLT Company, secured creditors with an interest in the beef, would not release the meat to him. After he and his dispatcher had made several unsatisfied attempts over a period of hours to obtain possession of the beef, Sugarman returned to his home office.

On June 3, 1980 the debtor filed a petition for relief under Chapter 7 of the Bankruptcy Code (Pub.L.No. 95–598, 92 Stat. 2549–688 (1978)).

The plaintiff contends that at the time that the beef was delivered to the debtor the debtor was insolvent; and, that having complied with all requirements of South Carolina Code of Laws (1976) § 36–2–702(2) it is entitled to the beef. South Carolina Code of Laws (1976) § 36–2–702(2) provides:

> "Where the seller discovers that the buyer has received goods on credit while insolvent he may reclaim the goods upon demand made within ten days after the receipt . . . ."

The trustee (defendant) contends that § 36–2–702(2) is inapplicable in a bankruptcy proceeding, and that the plaintiff (before it is entitled to reclaim) is required, by § 546(c) of the Bankruptcy Code (11 U.S.C. § 546(c)), to make a written demand for reclamation. 11 U.S.C. § 546(c) states:

"The rights and powers of the trustee under sections 544(a), 545, 547, and 549 of this title are subject to any statutory right or common-law right of a seller, in the ordinary course of such seller's business, of goods to the debtor to reclaim such goods if the debtor has received such goods while insolvent, but—(1) such a seller may not reclaim any such goods unless such seller demands in writing reclamation of such goods before ten days after receipt of such goods by the debtor; and (2) the court may deny reclamation to a seller with such a right of reclamation that has made such a demand only if court—(A) grants the claim of such seller priority as an administrative expense; or (B) secures such claim by a lien."

## QUESTION

Was the attempted reclamation by the plaintiff sufficient to establish a right to the beef which entitles the plaintiff to remove the beef (or receive the value thereof)?

## DISCUSSION AND CONCLUSION

The plaintiff contends that it complied fully with the requirements of the Uniform Commercial Code prior to the filing of the petition, and that its interest in the beef was fully perfected prior to the filing of the petition on June 3, 1980.

There can be little question that the debtor was insolvent at the time it received the beef. Delivery of the beef was accomplished on May 22, 1980, a scant twelve days before the filing of a petition in bankruptcy which listed assets of $813,300.72 against liabilities of $895,812.66. Further, Clarence T. Bowen, the President of the debtor corporation, admitted during examination that the debtor had, in fact, been insolvent at the time the beef was delivered.

Section 36–2–702(2), *supra*, requires neither a demand in writing nor that the reclaiming party obtain actual possession before the creditor's interest arising from the reclamation is perfected.

The attempts by the truck driver and his dispatcher to obtain possession of the beef, which the court finds sufficient to constitute an oral demand for reclamation, were made on Monday, June 2, 1980, the eleventh day following the date of sale, which, because the tenth day fell on Sunday, is construed to be the tenth day under South Carolina law. South Carolina Code of Laws (1976) § 36–1–103 incorporates into the provisions of Title 36 all supplementary general principles of law. This includes South Carolina Code of Laws (1976) § 15–1–20 which provides that:

"The time within which an act is to be done shall be computed by excluding the first day and including the last. If the last day be Sunday it shall be excluded."

The court, therefore, finds that plaintiff made a valid and effective demand for reclamation of the beef pursuant to § 36–2–702(2) on June 2, 1980 which was prior to the commencement of the Chapter 7 case.

The trustee (defendant) contends that § 36–2–702(2) is inapplicable in a bankruptcy proceeding and that 11 U.S.C. § 546(c) provides the exclusive basis for a seller to reclaim goods in a bankruptcy case. Upon this premise the trustee (defendant) takes the position that plaintiff's complaint for reclamation should be denied because plaintiff failed to demand reclamation in writing as required by § 546(c)(1).

The trustee (defendant) misconceives the function and application of 11 U.S.C. § 546(c). Section 546(c) recognizes a seller's right to reclaim goods under § 2–702(2) of the Uniform Commercial Code. If the seller meets the requirements of § 546(c), the seller's right to reclaim is insulated from attack by the trustee under the avoiding powers set forth in § 546(c). In the event the seller fails to meet the requirements of § 546(c), the seller loses the benefit of the shield afforded by that section and the trus-

tee can attack the reclamation under the indicated avoiding powers. The failure to make a demand in writing does not preclude the seller from reclaiming the goods. Rather, it merely opens the reclamation to an attack by the trustee under the specified avoiding powers including the "strong-arm clause" of § 544(a).[1] In order for the trustee to prevail over the seller the trustee must establish that his rights, as a judicial lien creditor on the date of the commencement of the case, are superior to the seller's right to reclaim.

In the instant case the plaintiff made an effective demand for reclamation under South Carolina Code of Laws (1976) § 36–2–702(2) on June 2, 1980 and prior to the commencement of the case on June 3, 1980. The plaintiff's right to the beef was effective prior to the time the trustee acquired his status as a judicial lien creditor, i. e., June 3, 1980.[2]

This case must, therefore, be distinguished from those decisions in which the petition commencing the bankruptcy case was filed before the seller made a demand for reclamation. Here the court need not resolve the issue of whether the trustee, asserting his status as a creditor who obtained a judicial lien upon goods prior to the seller's demand for reclamation, prevails over the reclaiming seller. *See, e. g., In Re Kravitz,* 278 F.2d 820 (3rd Cir. 1960); *In re Federal's, Inc.,* 553 F.2d 509 (6th Cir. 1977).

Because the plaintiff had effectively reclaimed the goods prior to the commencement of the case, the court concludes that the plaintiff must prevail over the trustee under the principle of "first in time, first in right." *See, United States v. City of Greenville,* 118 F.2d 963, 966 (4th Cir. 1941).

### ORDER

Therefore, IT IS ORDERED, ADJUDGED AND DECREED that the trustee surrender to the plaintiff the beef in question, or the value thereof, which is determined to be $53,558.64.

---

1. 11 U.S.C. § 544(a) says: "The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by—(1) a creditor that extends credit to the debtor at the time of the commencement of the case, and that obtains, at such time and with respect to such credit, a judicial lien on all property on which a creditor on a simple contract could have obtained a judicial lien, whether or not such a creditor exists; (2) a creditor that extends credit to the debtor at the time of the commencement of the case, and obtains, at such time and with respect to such credit, an execution against the debtor that is returned unsatisfied at such time, whether or not such a creditor exists; and (3) a bona fide purchaser of real property from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser at the time of the commencement of the case, whether or not such a purchaser exists.

