In re KORO CORPORATION, Debtor.

PLASTIC DISTRIBUTING
CORPORATION,
Appellant,

v.

KORO CORPORATION, Appellee.

Bankruptcy No. 81–9021.

United States Bankruptcy Appellate Panel,
First Circuit.

May 19, 1982.

David J. Gass, Pollock, O'Connor & Gadsby, Waltham, Mass., for appellant.

William F. Macauley, and Joanne M. Neale, Craig & Macauley Professional Corp., Boston, Mass., for appellee.

Before VOTOLATO, C. J., and LAWLESS and JOHNSON, JJ.

VOTOLATO, Chief Judge.

Plastic Distributing Corporation (PDC), a creditor in this Chapter 11 case, has appealed the bankruptcy judge's order granting the Debtor's motion for summary judgment, wherein he held that 11 U.S.C. § 546(c) controls a seller's right to reclaim goods from the debtor in cash transactions. Although the Appellant raises several issues concerning its statutory right of reclamation under the Uniform Commercial Code, the dispositive issue in the instant proceeding is whether 11 U.S.C. § 546(c) applies to cash as well as credit transactions.

On January 27, 1981, Plastic Distributing Corporation sold to Koro Corporation, 13,-900 pounds of plastic pellets, in what was intended by the parties to be a cash transaction. The pellets were delivered on January 27 and manufactured on the same day by Koro into plastic sheets for resale. At the time of delivery, PDC accepted Koro's check for $11,745.50 as payment in full for the pellets. On January 28, 1981, an involuntary bankruptcy petition was filed against Koro by three of its unsecured creditors. On February 4, 1981, Koro's check was dishonored when presented for payment by PDC. Two days later the Vice President of PDC telephoned Koro's plant manager and demanded the return of the plastic pellets. PDC never made a written demand.

■ Koro could not return the pellets to PDC since they had immediately been converted by Koro's manufacturing process into plastic sheets, and sold and delivered to third party bona fide purchasers. *Plastic Distributing Corporation v. Koro Corporation (In re Koro Corporation)*, 10 B.R. 767 (Bkrtcy.D.Mass.1981). We must accept the bankruptcy judge's findings of fact in the absence of clear error.[1]

■■ Section 546(c) [2] is clear and unambiguous in its scope and its requirements.

---

1. *See* Rule 16, First Circuit Rules Governing Appeals From Bankruptcy Judges to District Courts, Appellate Panels and Court of Appeals, (effective date 3/1/1980); *In re Garland Corp.*, 6 B.R. 456, 460–461 (Bkrtcy. 1st Cir. 1980).

2. § 546. Limitations on avoiding powers.

. . . .

(c) The rights and powers of the trustee under sections 544(a), 545, 547, and 549 of this title are subject to any statutory right or common-law right of a seller, in the ordinary

Any common law or statutory right to reclaim goods sold in the ordinary course of business is contingent upon (the seller) making a written demand within ten days of the Debtor's receipt of the goods. *B. Berger Co. v. Contract Interiors, Inc. (In re Contract Interiors, Inc.)*, 14 B.R. 670, 8 BCD 174 (Bkrtcy.E.D.Mich.1981); *In re Original Auto Parts Distributors*, 9 B.R. 469, 7 BCD 490 (Bkrtcy.S.D.N.Y.1981). This section provides the exclusive remedy for a creditor attempting to reclaim such goods. *B. Berger Co., supra.*

█ We also conclude that § 546(c) was intended to include cash transactions. Nowhere, either expressly or by implication do we see any intent to limit its applicability to credit sales. The legislative history supports this view.[3]

█ Since this transaction falls within the scope of § 546(c), and since PDC did not make a written demand within ten days of Koro's receipt of the goods, the bankruptcy judge correctly ruled that PDC is not entitled to reclamation.

Affirmed.

---

course of such seller's business, of goods to the debtor to reclaim such goods if the debtor has received such goods while insolvent, but—

(1) such a seller may not reclaim any such goods unless such seller demands in writing reclamation of such goods before ten days after receipt of such goods by the debtor;

3. Two prominent congressional sponsors of the Bankruptcy Reform Act of 1978 have stated that § 546(c) "applies to receipt of goods on credit as well as by cash sales." 124 Cong. Rec.S. 17,413–14 (daily ed. Oct. 5, 1978) (remarks of Sen. DeConcini); 124 Cong.Rec.H. 11,097 (daily ed. Sept. 28, 1978) (remarks of Rep. Edwards). Relevant Senate and House Reports only focus on U.C.C. § 2 -702(2) and the long-standing bankruptcy problems presented in credit sales area, but these reports do not suggest that § 546(c) is limited to credit transactions. *See* H.R.Rep.No. 95–595, 95th Cong., 1st Sess. 371–372 (1977); S.Rep.No. 95--989, 95th Cong., 2d Sess. 86–87 (1978), U.S. Code Cong. & Admin.News 1978, p. 5787.