In the Matter of DEEPHOUSE EQUIP-MENT COMPANY, INC., Debtor.

ECOLOTEC, INC., Plaintiff,

v.

DEEPHOUSE EQUIPMENT COMPANY, INC., James R. Deephouse, Defendants.

Bankruptcy No. 2–81–01245.
Adv. No. 2–82–0097.

United States Bankruptcy Court,
D. Connecticut.

July 28, 1982.

James J. Tancredi, Day, Berry & Howard, Hartford, Conn., for plaintiff.

Howard L. Siegel, Hoberman, Pollack & Roseman, P. C., Hartford, Conn., for defendants.

## MEMORANDUM AND ORDER

ROBERT L. KRECHEVSKY, Bankruptcy Judge.

### I.

### ISSUE

This proceeding involves the rights of a defrauded seller when a buyer has resold the purchased goods and the proceeds of the resale remain identifiable after the buyer's filing of a bankruptcy petition.

## II.

## BACKGROUND

Deephouse Equipment Co., Inc., the debtor, a dealer in heavy equipment used by industry and municipalities, filed a voluntary chapter 11 case on November 30, 1981. For the prior six years, the debtor had been a distributor for Ecolotec, Inc., a manufacturer of street-sweeping units called Vacu-sweepers. The debtor typically ordered a Vacu-sweeper only after it had arranged a resale of the unit. In July, 1981, the debtor purchased a Vacu-sweeper from Ecolotec which it then resold to the City of Danbury. However, upon receiving payment from Danbury, the debtor failed to pay Ecolotec. In September, 1981, the debtor purchased and paid for another Vacu-sweeper, allegedly representing to Ecolotec that it had not received payment from Danbury. On October 2, 1981, the debtor purchased a third Vacu-sweeper at a price of $61,786.00, and on October 7, 1981, it resold this unit to the City of New Haven for $59,647.00, plus a trade-in of a used street sweeper. Ecolotec claims that when it sold the debtor the New Haven unit, it relied on false representations from the debtor's president, James R. Deephouse, that the debtor had not received payment for the Danbury unit, but that such payment was imminent. When the debtor filed its petition on November 30, 1981, New Haven had delivered the used street sweeper to the debtor but had not yet paid the $59,647.00.

Ecolotec filed the present proceeding on February 16, 1982, against the debtor and its president, James R. Deephouse, individually, alleging in paragraph 22 of its complaint, that "[t]hrough the fraud of the defendants, the proceeds of the sale of the New Haven unit are not properly property of the Debtor but belong to Ecolotec, Inc." As relief, Ecolotec requested that a constructive trust be imposed on the proceeds of the sale of the New Haven unit. The parties stipulated at the start of the action that upon receipt from New Haven the funds would be segregated by the debtor, pending resolution of the complaint. Ecolotec does not allege that it made a demand in writing to reclaim the New Haven unit after the debtor received it. After depositions were taken by the parties, the debtor moved to dismiss the complaint for failure to state a claim upon which relief can be granted, pursuant to Fed.R.Bankr.P. 712[1] or, alternatively, for summary judgment, pursuant to Fed.R.Bankr.P. 756.[2] For the purposes of the following discussion, it will be assumed that all of the factual allegations by Ecolotec are true and that Ecolotec has established all of the necessary elements of a constructive trust.[3]

## III.

## DISCUSSION

### A.

This proceeding calls for an analysis of a seller's rights against an allegedly defrauding buyer, a topic which has produced substantial commentary.[4] The precise issue is the effect of § 546(c) of the Bankruptcy Reform Act on the defrauded seller who seeks to impress a constructive trust upon identifiable proceeds of goods sold to a debtor.

Section 546(c) provides that:

1. Fed.R.Bankr.P. 712(b) incorporates Fed.R.Civ.P. 12(b)(6).

2. Fed.R.Bankr.P. 756 incorporates Fed.R.Civ.P. 56.

3. A constructive trust is one that arises contrary to any express intention of the parties "against one who, by fraud, actual or constructive, by duress or abuse of confidence, by commission of wrong, or by any form of unconscionable conduct, artifice, concealment, or questionable means, or who in any way against equity and good conscience, ei-

ther has obtained or holds the legal right to property which he ought not, in equity and good conscience, hold and enjoy." *Zack v. Guzauskas*, 171 Conn. 98, 103, 368 A.2d 193, 196 (1976) (quoting 76 Am.Jur.2d *Trusts* § 221 (1975)).

4. For an indication of the number of articles on this subject, see Mann & Phillips, *Section 546(c) of the Bankruptcy Reform Act: An Imperfect Resolution of the Conflict Between The Reclaiming Seller and the Bankruptcy Trustee*, 54 Am.Bankr.L.J. 239, 239 n.2 (1980).

The rights and powers of the trustee under sections 544(a), 545, 547, and 549 of this title are subject to any statutory right or common-law right of a seller, in the ordinary course of such seller's business, of goods to the debtor to reclaim such goods if the debtor has received such goods while insolvent, but—

> (1) such a seller may not reclaim any such goods unless such seller demands in writing reclamation of such goods before ten days after receipt of such goods by the debtor . . . . [5]

The debtor claims that § 546(c) provides the sole remedy for a seller claiming common-law fraud or other cause of action and, having failed to give written notice of reclamation within ten days after the goods were received by the debtor, Ecolotec is barred from reclaiming the goods or impressing a constructive trust on their proceeds. In short, the debtor says Ecolotec is reduced to the status of a general, unsecured creditor for the sums due for both the New Haven unit and the Danbury unit.

Ecolotec's brief completely ignores § 546(c) and simply asserts that property obtained by fraud of a debtor is not property of its estate and that courts order such property returned to its rightful owner rather than disbursed to creditors. In support of this proposition, Ecolotec cites *Heyman v. Kemp (In re Teltronics, Ltd.)*, 649 F.2d 1236 (7th Cir. 1981); *Toys "R" Us, Inc. v. Esgro, Inc. (In re Esgro, Inc.)*, 645 F.2d 794 (9th Cir. 1981); *Wisconsin v. Reese (In re Kennedy & Cohen, Inc.)*, 612 F.2d 963 (5th Cir. 1980); *Giannone v. Cohen (In re*

*Paragon Securities Co.)*, 589 F.2d 1240 (3rd Cir. 1978); *Nicklaus v. Bank of Russellville*, 336 F.2d 144 (8th Cir. 1964). While standing for this general proposition, these cases do not deal with transactions between a defrauding buyer and a seller of goods in the ordinary course of business, and all antedate the enactment of § 546(c).

### B.

■ We are told that § 546(c) was enacted to alleviate a conflict between U.C.C. § 2–702 [6] and certain provisions of the Bankruptcy Act of 1898 (the Act). U.C.C. § 2–702(2) grants a seller the right to reclaim goods received by a buyer while insolvent upon demand within ten days after receipt. The ten-day provision does not apply if a written misrepresentation of insolvency was involved.[7] Trustees under the Act had challenged the validity of U.C.C. § 2–702 in the context of bankruptcy cases because that section appeared to create a lien under state law which ran afoul of bankruptcy provisions striking down disguised priorities. That contention found considerable support in cases decided in this circuit. *See In re Giltex Inc.*, 17 U.C.C.Rep. Serv. 887 (D.Ct., S.D.N.Y.1975); *In re Wetson's Corp.*, 17 U.C.C.Rep.Serv. 423 (Bankr. Ct., S.D.N.Y.1975); *see also* Countryman, *Buyers and Sellers of Goods in Bankruptcy*, 1 N.M.L.Rev. 435 (1974). There were many holdings to the contrary. *See Mann & Phillips, supra*, at 256. The legislative history to § 546(c) states that "[t]he purpose of the provision is to recognize, in part, the validity of § 2–702 of the Uniform Commercial Code, which has generated much litigation,

---

**5.** As debtor-in-possession, the debtor, subject to limitations not relevant here, has "all the rights . . . and powers, and shall perform all the functions and duties . . . of a trustee serving in a case under this chapter." § 1107. The rights granted to a trustee under § 544 are those of a lien creditor and a bona fide purchaser. The trustee may avoid statutory liens under § 545, preferential transfers under § 547, and postpetition transfers under § 549.

**6.** Conn.Gen.Stat. § 42a–2–702(2) (1981) provides:

Where the seller discovers that the buyer has received goods on credit while insolvent he may reclaim the goods upon demand made

within ten days after the receipt, but if misrepresentation of solvency has been made to the particular seller in writing within three months before delivery the ten-day limitation does not apply. Except as provided in this subsection the seller may not base a right to reclaim goods on the buyer's fraudulent or innocent misrepresentation of solvency or of intent to pay.

**7.** "Subsection (2) takes as its base line the proposition that any receipt of goods on credit by an insolvent buyer amounts to a tacit business misrepresentation of insolvency and therefore is fraudulent as against the particular seller . . . ." U.C.C. § 2–702, Comment 2.

confusion, and divergent decisions in different circuits." H.Rep.No.595, 95th Cong. 1st Sess. 371–72 (1977); S.Rep.No.989, 95th Cong. 2nd Sess. 86–87 (1978), U.S.Code Cong. & Admin.News 1978, pp. 5787, 6328.

Courts construing U.C.C. § 2–702 have held that it provides the sole remedy for a reclaiming seller, thereby eliminating any other common law remedy a seller has. *United States v. Wyoming Nat'l Bank of Casper*, 505 F.2d 1064 (10th Cir. 1974); *In re Eli Witt Co.*, 12 B.R. 757, 32 U.C.C.Rep. Serv. 120 (Bkrtcy., M.D.Fla.1981); *In re Flagstaff Foodservice Corp.*, 14 B.R. 462, 8 B.C.D. 120 (Bkrtcy., S.D.N.Y.1981) (dicta); *Kennett-Murray & Co. v. Pawnee Nat'l Bank*, 598 P.2d 274, 26 U.C.C.Rep.Serv. 686 (Okl.App.1979). *See generally* Weintraub & Edelman, *Seller's Right to Reclaim Property Under Section 2–702(2) of the Code Under the Bankruptcy Act: Fact or Fancy*, 32 Bus.Law. 1165 (1977). U.C.C. § 2–702 has also been interpreted to support a right to reclaim only goods, and not a right to recover the proceeds of the goods. *Stowers v. Mahon (In re Samuels & Co.)*, 526 F.2d 1238 (en banc), *cert. denied, Stowers v. Mahon*, 429 U.S. 834, 97 S.Ct. 98, 50 L.Ed.2d 99 (1976). Outside of bankruptcy, then, it would appear that U.C.C. § 2–702(2) would prove fatal to Ecolotec's attempt to impress a constructive trust upon the proceeds of the New Haven unit—first, because Ecolotec never gave the debtor the ten-day written notice and, second, because a constructive trust could not be impressed on proceeds.

### C.

▮ To date, every bankruptcy court which has considered the question has held that § 546(c) represents an exclusive remedy and that unless a seller meets the ten-day prior notice condition imposed by § 546(c), he retains no other common law or statutory right of action. These cases reason that after specifically providing sellers with a reclamation right akin to that provided by the Uniform Commercial Code, Congress intended § 546(c) to be the exclusive remedy for reclaiming sellers, and that

the failure to comply with the conditions set forth in § 546(c) precludes any recovery. *In re Koro Corp.*, 20 B.R. 241, 243 (Bkrtcy. App., 1st Cir. 1982) ("Any common law or statutory right to reclaim goods sold in the ordinary course of business is contingent upon (the seller) making a written demand within ten days of the Debtor's receipt of the goods."); *In re Ateco Equipment, Inc.*, 18 B.R. 917, 920, 8 B.C.D. 1165, 1167 (Bkrtcy., W.D.Pa.1982) ("[T]he drafters of the act intended to give to the reclaiming seller the limited right to reclaim only if he complied with the ten-day notice provision."); *In re Contract Interiors, Inc.*, 14 B.R. 670, 8 B.C.D. 174 (Bkrtcy., E.D.Mich. 1981) (reclamation provisions of § 546(c) are exclusive and reclaiming seller cannot reclaim on common law theory of fraud without complying with provisions of that section); *In re Original Auto Parts Distributors, Inc.*, 9 B.R. 469, 471, 7 B.C.D. 490, 492 (Bkrtcy., S.D.N.Y.1981) ("[A] seller who seeks to reclaim goods delivered to a debtor, whether relying on U.C.C. § 2–702(2) or common law fraud, must comply with the requirements of Code § 546(c)."). I can perceive of no basis for departing from these holdings and, therefore, rule that § 546(c) constitutes the sole available remedy for Ecolotec in seeking to reclaim goods or impress a constructive trust on proceeds.

As noted, under U.C.C. § 2–702(2), at least one court has held that a seller has no claim to proceeds of goods. *Stowers v. Mahon (In re Samuels & Co.), supra.* In my opinion, there should be a similar result under § 546(c). If a seller has not complied with § 546(c) and would therefore be denied reclamation of the goods, it would be an intolerable and inconsistent holding to allow the noncomplying seller to recover the *proceeds* of the goods.

### IV.

### CONCLUSION

Ecolotec concededly has failed to comply with the provisions of § 546(c) requiring the giving of a ten-day written notice. I conclude that the provisions of § 546(c) represent the exclusive remedy available to a

seller alleging common-law fraud, and that § 546(c) precludes a noncomplying seller from impressing a constructive trust on proceeds of goods. The debtor's motion for summary judgment is granted, and the proceeding dismissed as to it. Ecolotec also joined James R. Deephouse, individually, as a defendant in its complaint. Since Mr. Deephouse is not himself a debtor, the court will abstain from hearing the proceeding against him, since that matter has no connection with this bankruptcy estate. 28 U.S.C. § 1471. Accordingly, the complaint is dismissed as to all parties.