In re **ALLA–OHIO VALLEY COALS, INC. and Morehead City Coal Terminal, Inc., Debtors.**

**CONTINENTAL COAL SALES CORP. and Martin & Associates, Plaintiffs,**

v.

**ALLA–OHIO VALLEY COALS, INC. and Morehead City Coal Terminal, Inc., Defendants.**

**Bankruptcy Nos. 81–00618, 81–00619. Adv. No. 82–0115.**

United States Bankruptcy Court, District of Columbia.

Aug. 5, 1982.

**337**

plaintiffs and defendants and the underlying relevant facts pertaining to the seller's right of reclamation which are set forth in Count 5 of the amended complaint are essentially undisputed. Based on the uncontested facts of record and after applying the facts in this case to the specific reclamation provisions set forth in the Bankruptcy Code at 11 U.S.C. § 546(c), this Court finds that the creditors are entitled to the relief requested.[1]

## FINDINGS OF FACT

The relevant facts, pertaining to the purchase of coal by the defendants, and the demand made for reclamation by the seller with respect to the transaction at issue are as follows.

On July 27, 1981, the debtors entered into a contract with the plaintiffs for the purchase of coal, the terms of which were FOB shipment. In late October and early November 1981, the plaintiffs shipped coal to Alla-Ohio's facility at Morehead City, North Carolina pursuant to the purchase order. On November 6, 1981, the debtors filed their bankruptcy petitions under Chapter 11 in the United States Bankruptcy Court for the District of Columbia. On November 19, 1981, the debtors received a reclamation notice from Continental regarding the 46 carloads of coal. On November 20, 1981, the debtors filed an emergency application with the United States Bankruptcy Court for the District of Columbia to enter into an agreement with Southern for the delivery of the 46 carloads of coal, along with 385 other carloads of coal destined for Alla which were also in Southern cars. On that same date this Court ordered that Southern release the coal to the debtor. On or about November 24, 1981, the debtors received actual physical delivery of the coal. Then on November 30, 1981, a notice of appeal was filed by the plaintiffs with the United States District Court with respect to this Court's order of November 20, 1981.

G. Daniel McCarthy, Shack & Kimball, Washington, D.C., for plaintiffs.

John Barnum, Paul Friedman, W. Michael Tupman, Washington, D.C., for defendants.

## MEMORANDUM OPINION

ROGER M. WHELAN, Bankruptcy Judge.

[Cross Motions for Summary Judgment—Amended Complaint to Reclaim Property Pursuant to 11 U.S.C. § 546(c)]

This adversary proceeding involves an amended complaint filed by Continental Coal Sales Corporation and Martin & Associates to reclaim property that was in the possession of the Chapter 11 debtors, Alla-Ohio Valley Coals, Inc. and Morehead City Coal Terminal, Inc. Cross-motions for partial summary judgment were filed by both

---

1. If the parties are unable to stipulate as to the amount involved under the contract of sale (plaintiffs allege an aggregate contract value for 46 carloads of coal at $147,473.52), this Court will conduct a further and separate evidentiary hearing as to the amount to be entitled as an administrative expense priority pursuant to § 546(c).

## CONCLUSIONS OF LAW

Based on the undisputed facts of record, this Court concludes that the rights of a seller to reclaim property are set forth in 11 U.S.C. § 546(c) which require that:

"The rights and powers of the trustee under Sections 544(a) 545, 547, and 549 of this title are subject to any statutory right or common-law right of a seller, in the ordinary course of such seller's business, of goods to the debtor to reclaim such goods if the debtor has received such goods while insolvent, but—

(1) such a seller may not reclaim any such goods unless such seller demands in writing reclamation of such goods before 10 days after receipt of such goods by the debtor; and

(2) the court may deny reclamation to a seller with such a right of reclamation that has made such a demand only if court—

(A) grants the claim of such a seller priority as an administrative expense; or

(B) secures such claim by a lien."

In order to place the rights of a reclaiming seller under the Bankruptcy Code in proper perspective, it is essential to understand the problems and disputes that arose with respect to this right of reclamation under the old Bankruptcy Act and the relief accorded to reclaiming sellers under Article 2–702(2) of the Uniform Commercial Code (UCC). Section 2–702(2) in part provides that:

"Where the seller discovers that the buyer has received goods on credit while insolvent he may reclaim the goods upon demand made within ten days after the receipt, but if misrepresentation of solvency has been made to the particular seller in writing within three months before delivery the ten day limitation does not apply."

Under the old Bankruptcy Act of 1898, the trend was to recognize the rights of the reclaiming seller.[2] The rationale for this approach was that the seller's UCC rights were not deemed to be the type of statutory lien that could be avoided by the trustee in bankruptcy under Section 67(c)(1)(A).[3] Because of this conflict between the recognition of the seller's rights under the UCC and the old Bankruptcy Act, there is expressed in the legislative history of the new Bankruptcy Code an intent to clear up this area of the law. In the Senate Report of the Committee on the Judiciary which accompanied Senate Bill 2266, S.Rep.No.95–989, 95th Cong., 2d Sess. (1978) at 86–87, U.S.Code Cong. & Admin.News 1978, p. 5787, it provides that the intent of § 546 is to recognize in part the validity of § 2–702 of the UCC. Specifically in the Senate's Report in their discussion on § 546 they stated that:

"The seller must demand reclamation within ten days after receipt of the goods by the debtor. As under nonbankruptcy law, the right is subject to any superior rights of secured creditors. The purpose of the provision is to recognize in part, the validity of section 2–702 of the Uniform Commercial Code, which has generated much litigation, confusion, and divergent decisions in different circuits. The right is subject, however, to the power of the court to deny reclamation and protect the seller by granting him a priority as an administrative expense for his claim arising out of the sale of the goods." *Id.*

This clearly reflects that the rationale of Section 546(c) is to recognize the validity of UCC § 2–702.[4] *See In re Contract Interi-*

---

2. There were decisions rendered to the contrary. *See In re Good Deal Supermarkets, Inc.*, 384 F.Supp. 887 (D.N.J.1974).

3. By reason of the 1972 amendments to the UCC with particular reference to the deletion of the term "lien creditor" in § 2–702, it would appear that the trustee's avoidance powers under § 70(c) of the Old Act or 11 U.S.C. § 544(a) of the New Bankruptcy Code, would be of no avail.

4. *Cf.* 54 American Bankruptcy Law Journal 239 (1980). In this article entitled—"Section 546(c) of the Bankruptcy Reform Act: An Imperfect Resolution of the Conflict between the Reclaiming Seller and the Bankruptcy Trustee" a contrary approach is taken. However, this Court concludes after a review of the legislative histo-

*ors, Inc.,* 14 B.R. 670 (E.D.Mi.1981); *In re Original Auto Parts Distributors,* 9 B.R. 469 (S.D.N.Y.1981).

■ The only appellate decision to address this specific issue specifically was in the case of *In re Koro Corp.,* 20 B.R. 241 in which the United States Bankruptcy Appellate Panel in the First Circuit held that:

"Any common law or statutory right to reclaim goods sold in the ordinary course of business is contingent upon (the seller) making a written demand within 10 days of the Debtor's receipt of the goods.... *This section provides the exclusive remedy for a creditor attempting to reclaim such goods."* [emphasis added]. *Id.* at 243. Cf., *In re A.G.S. Food Systems, Inc.,* 14 B.R. 27, 8 B.C.D. 178 (S.Caro.1980).

This Court also follows the panel's position in finding that § 546(c) is the exclusive remedy for a creditor attempting to reclaim goods.

In reaching this conclusion, this Court has also considered the contrary view on § 546 as more fully detailed in the article entitled "Section 546(c) of the Bankruptcy Reform Act"—An Imperfect Resolution of the Conflict Between the Reclaiming Seller and the Bankruptcy Trustee" reported at 54 American Bankruptcy Law Journal 239 (1980). In that article, the authors suggest that "it is preferable to treat section 546(c) as providing the seller with a 'non-exclusive safe harbor' against a trustee proceeding under the Reform Act...." *Id.* at 267. However, this Court concludes that the mandatory provisions of § 546(c) should be adhered to as it was the intent of Congress to provide that reclamation rights be dealt with within the parameters of this section. While it may be true that Section 546(c) may have no application to any of the seller's rights except for reclamation (it may not be applicable to other seller's remedies i.e., stoppage in transit under § 2–705), it seems clear that the Congressional intent was to regulate the rights of reclaiming sellers under § 546(c).

■ With reference to the pending motion for summary judgment, and with particular reference to Count 5 of the amended complaint, the primary issue to be addressed is whether the creditors complied with the notice requirements of § 546(c)(1) which provides that:

"A seller may not reclaim any such goods unless such seller demands *in writing* reclamation of such goods *before ten* days after receipt of such goods by the debtor; [emphasis added].

The debtor argues that there was no notice given within the 10-day period immediately following actual receipt of the goods as the 46 carloads of coal were received by the debtor on or about November 24, 1981 and that the notice of appeal subsequently filed on November 30, 1981, could not be deemed such a written notice because "the application makes no mention of any demand for reclamation." *See* Debtor's Brief in Opposition to the Applicants' Motion for Partial Summary Judgment filed on July 2, 1982. It appears, however, that written notice of reclamation, enough to satisfy the requirements of § 546, was twice given to debtor.

First, with respect to compliance with 546(c)'s requirement that notice be given "before 10 days after receipt of such goods by the debtor," this Court is satisfied that the formal written demand of November 19, 1981 is in substantial compliance with the Code's mandate. Whether the notice is received within a restricted 10-day period immediately following actual receipt of the goods, or at any time before 10 days "after receipt," the debtor is clearly on formal notice of the seller's intention within the meaning of the statute. It appears to defy logic that an early notice is not timely if given immediately prior to the running of the 10-day period as posited by the debtors in this proceeding. The obscurity and indefiniteness of the statutory language which is generated by the "any time before 10 days after receipt" should not be a bar to a creditor who has attempted to timely exercise its statutory rights. As long as the notice is in writing and refers to the subject transaction, it does not prejudice the debtor (or the general unsecured creditors) if it is

ry and case law that this Court's approach is

correct.

received within the 10-day period immediately prior to receipt, as opposed to the 10-day period immediately subsequent to such receipt.

In addition, in Paragraph 6 of the "Debtor's Application for Authority to Enter into Agreement with Southern Railway Company for the Hauling and Unloading of 431 Coal Cars, Certain of Which Cars are Subject to Reclamation Claim Pursuant to 11 U.S.C. § 546(c)" and which was heard on an emergency basis before this Court on November 20, 1981, paragraph 6 provides that:

> "[s]ubsequent to the institution of these proceedings on November 6, 1981, the debtor received, pursuant to 11 U.S.C. § 546(c), notice from the following coal suppliers of their exercise of their rights to reclaim coal . . . under said section . . . Martin & Associates . . . Continental Coal Sales."

Further, on November 20, 1981, during the hearing on the above motion, counsel for plaintiffs again orally advised the Court of its intention to reclaim its 46 carloads of coal. This Court then directed by order that:

> "Southern Railway Company be, and it is hereby authorized to move and deliver to the Debtor Alla-Ohio Valley Coals, Inc. coal enroute consigned to Alla-Ohio Valley Coals, Inc. notwithstanding claims of any party claiming to exercise rights under 11 U.S.C. § 546(c), the Uniform Commercial Code and/or any Interstate Commerce Commission Statutes or Regulations, and/or diversion or reconsignment rights under statute, common law or contract . . .".

It was further ordered that:

> ". . . [t]he rights, if any, of any suppliers or consignors or others pursuant to 11 U.S.C. 546(c), the Uniform Commercial Code, or any ICC statutes or regulations, or statute, common law, or contract, be and they hereby are reserved and transferred to the coal to be delivered and unloaded at the debtor's Morehead City North Carolina facility subject to further order of this Court . . .".

With respect to the facts of this proceeding, the Court is of the opinion that the notice of appeal was itself substantial compliance with a written demand within the 10-day period subsequent to actual receipt of the goods. The Code does not require anything other than a demand in writing and the timely filing of a legal pleading, which is reasonably susceptible to conveying the seller's intention would comply with the Code's demand of a demand in writing. Certainly in connection with the facts of this proceeding, the notice of appeal is certainly reasonably susceptible to placing the debtors on notice that the sellers intended to exercise whatever statutory rights were available to them with respect to the delivery of the subject 46 carloads of coal.

Accordingly, for the reasons set forth in this memorandum opinion, the Court denies the Debtors' Motion to Dismiss or in the Alternative for Partial Summary Judgment, and that Plaintiffs' Motion for Partial Summary Judgment as to Count 5 of the amended complaint is granted. An administrative priority will, therefore, be granted in this proceeding to the plaintiffs Continental Coal Sales Corp. and Martin & Associates.