**In re HRT INDUSTRIES, INC., also d/b/a Zodys; Zodys Discount Department Stores: and Zodees, formerly known as Hartfield-Zodys, Inc. and formerly d/b/a Hartfields, Debtor.**

**CROWN QUILT CORP., Plaintiff,**

**v.**

**HRT INDUSTRIES, INC., Defendant.**

**MR. TRIO, INC., Plaintiff,**

**v.**

**HRT INDUSTRIES, INC., Defendant.**

**Bankruptcy No. 82 B 12263.**
**Adv. Nos. 83–5097A, 83–5079A.**

United States Bankruptcy Court,
S.D. New York.

April 28, 1983.

Gendel, Raskoff, Shapiro & Quittner, Los Angeles, Cal., Weil, Gotshal & Manges, New York City, for HRT Industries, Inc., as debtor in possession.

Ruben, Schwartz, Meyer & Schnall, New York City, for plaintiffs, Mr. Trio, Inc. and Crown Quilt Corp.

## MEMORANDUM OPINION AND ORDER ON MOTION TO DISMISS COMPLAINTS

BURTON R. LIFLAND, Bankruptcy Judge.

HRT Industries, Inc. ("HRT"), a Chapter 11 debtor, has moved to dismiss the complaints of the plaintiffs, Mr. Trio, Inc. ("Mr. Trio") and Crown Quilt Corp. ("Crown Quilt"), pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, as applied in bankruptcy proceedings by Bankruptcy Rule 712(b), on the ground that the plaintiffs have failed to state a claim upon which relief can granted. Plaintiffs, as unpaid vendors to a major department store chain undergoing reorganization, have filed complaints based upon common law theories of constructive fraud and conversion. Mr. Trio and Crown Quilt have thus requested special treatment in respect of the goods delivered to HRT outside the provisions of Section 546(c) of the Bankruptcy Code ("the Code"). Through its motion to dismiss, HRT has responded that the plaintiffs have failed to comply with the strict notice provisions of Section 546(c) and therefore are not entitled to any relief.

Essentially, the relief sought is the equivalent of reclamation, a remedy governed by Section 546(c). Plaintiffs concede an utter failure to comply with the notice provisions of Section 546(c) and acknowledge that their fraud complaints may not be in compliance with the pleading requirements for a constructive fraud and conversion. For example, plaintiffs have not alleged a fiduciary or confidential relationship nor pleaded the elements of fraud with the particularity required by Bankruptcy Rule 709 and Rule 9(b) of the Federal Rules of Civil Procedure. Also, as to conversion, plaintiffs have not, in the face of a sale of goods, shown the necessary elements of an intentional deprivation or interference with the dominion and control of the property of another. Plaintiffs hedge these deficiencies in pleading with a request for an opportunity either to amend, or to suffer dismissal without prejudice to an amended renewal of the suits. Defendant, on the other hand, urges dismissal with prejudice arguing that even if perfectly pleaded, these complaints would not entitle plaintiffs to relief since Section 546(c) of the Code provides the exclusive remedy for claimants in this type of situation.

No matter how the complaints of these unpaid vendors are clothed, the principal alternative relief sought of return of merchandise or money damages based on invoice price or an administrative claim is essentially the stuff of reclamation (a misnomer, as seldom if ever is property actually returned or reclaimed in a reorganization case in lieu of other available relief). Typically, fraud pleading is the last gasp of an unpaid vendor who has missed the ten-day notice requirement of Section 546(c) or of its nonbankruptcy state law analogue, Section 2–702 of the Uniform Commercial Code ("UCC"). This UCC section requires only that notice, whether oral or written, be given within 10 days of delivery of the goods. Section 546(c) requires that the notice be written. Courts have consistently viewed these fraud allegations for what they really are: masquerading reclamation claims. *See In re Deephouse Equipment Co., Inc.,* 22 B.R. 255 (Bkrtcy.D.Conn.1982) (fraud; constructive trust); *In re Ateco Equipment, Inc.,* 18 B.R. 917 (Bkrtcy.W.D. Pa.1982) (fraud); *In re Contract Interiors, Inc.,* 14 B.R. 670 (Bkrtcy.E.D.Mich.1981) (fraudulent representation); *In re Original Auto Parts Distributors,* 9 B.R. 469 (Bkrtcy. S.D.N.Y.1981) (fraud); *Matter of Eli Witt Co.,* 12 B.R. 757 (Bkrtcy.M.D.Fla.1981) (conversion).

### Factual Background

The facts in the instant case are not in dispute and can be readily summarized:

1. On November 23, 1982, HRT filed with the United States Bankruptcy Court for the Southern District of New York a petition for relief under the Bankruptcy Code. HRT continues to operate its business and manage its property as a debtor-in-possession.

2. On January 14, 1983, Mr. Trio filed the adversary proceeding at bar in this Bankruptcy Court. In its complaint, Mr. Trio alleges that on November 19, 1982, HRT received certain goods which had been delivered to it by the plaintiff.

3. On January 21, 1983, Crown Quilt Corp. filed this adversary proceeding in this Court. In its complaint, Crown Quilt alleges that between November 3, 1982 and November 10, 1982, HRT received certain goods which had been delivered to it by Crown Quilt.

4. In their complaints, plaintiffs further state that neither of them made a demand for rescission or payment in full within ten days of delivery, or in fact at any time thereafter. The complaints request that the automatic stay be lifted so that the plaintiffs can pursue their claims for conversion and fraud against HRT. The alleged basis for the relief sought is that HRT, at the time it accepted the goods, had already authorized its attorneys to file the petition for relief under Chapter 11 of the Code, or knew that such authorization would be given, and that had such information been supplied to plaintiffs, they would not have shipped goods on credit to HRT.

5. Additionally, plaintiffs allege that HRT's undertaking to render payment, knowing at the time it would not have been permitted to do so, constitutes obtaining property by false pretenses.

### Discussion of Law

■ A motion to dismiss for failure to state a claim upon which relief can be granted should not be granted when the material allegations of the complaint, taken in their most favorable light, are legally sufficient to support a claim. *See Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957). Therefore, the issue to be resolved by this motion to dismiss is whether plaintiffs have a right to any relief under any theory, even though they have not fulfilled the notice requirements of Section 546(c).

Section 546(c) of the Code specifies the reclamation rights of sellers and states in pertinent part:

"The rights and powers of the trustee under sections 544(a), 545, 547 and 549 of this title are subject to any statutory right or common-law right of a seller, in the ordinary course of such seller's business, of goods to the debtor to reclaim such goods if the debtor has received such goods while insolvent, but—

(1) such a seller may not reclaim any such goods unless such seller demands in writing reclamation of goods before ten days after receipt of such goods by the debtor . . ."

Based on the literal provisions of Section 546(c)(1), HRT argues that before reclamation or its equivalent can be granted, the specific notice requirements prescribed in subsection (1) of Section 546(c) must be met. HRT continues, reasoning that since the plaintiffs admit in their complaints that they did not comply with such notice requirements, the complaints for reclamation should be dismissed. Furthermore, the debtor reiterates the argument that Section 546(c) of the Code provides the exclusive remedy for reclaiming creditors and that, therefore, any cause of action based on common law fraud, i.e., misrepresentation of solvency or intent to pay for purchases, will not suffice where the plaintiff has not complied with the notice requirements.

■ On the other hand, plaintiffs argue that a better interpretation of Section 546(c) is that it provides the seller with a "safe harbor" against the trustee or debtor, but that it is not an exclusive remedy, and the vendor may rely on any other provisions or theories which would enable it to obtain the necessary relief.[1] Plaintiffs argue

---

1. Plaintiffs' principal authority for this position is a letter of Vermont Law School Professor Minahan to Senator Hruska which stated that proposed Section 4–407 (an earlier version of Section 546(c) and essentially the same) should not be construed to provide the exclusive remedy for a defrauded seller, but that whether a seller can reclaim goods if it does not meet the notice requirements is an issue that should be left to the discretion of the courts. *See Hear-*

strenuously for a detour around a statutory barricade. They argue in vain. The only road to relief is via route 546(c) and they have missed that turn.[2]

Construing Section 2–702 of the Uniform Commercial Code and more recently Section 546(c), courts have been consistent in holding that the reclamation statutory scheme of relief is the sole remedy for an unpaid vendor when the buyer has filed for bankruptcy, thereby precluding any other common law rights a seller might have had. *See United States v. Wyoming National Bank of Casper,* 505 F.2d 1064 (10th Cir. 1974); *In re Deephouse Equipment Co., Inc.,* 22 B.R. 255; *In re Eli Witt Co.,* 12 B.R. 757 (Bkrtcy.M.D.Fla.1981); *In re Flagstaff Foodservice Corp.,* 14 B.R. 462 (Bkrtcy.S.D. N.Y.1981) (dicta); *In re Original Auto Parts,* 9 B.R. 469; *Kennett-Murray & Co. v. Pawnee Nat'l Bank,* 598 P.2d 274 (Okl.App. 1979).

In *Original Auto Parts,* a seller brought a fraud complaint seeking reclamation of goods sold on credit to a Chapter 11 debtor after the statutory ten-day period had expired. The court held that although the seller did not learn of the debtor's insolvency until more than ten days after the debtor had received goods on credit from the seller, the seller's failure to give timely written notice of its demand for recovery under Section 546(c) is fatal. *See Original Auto Parts,* 9 B.R. at 471. The court reasoned that the legislative history of Section 546(c) demonstrates that the drafters intended it to be the exclusive remedy for a reclaiming

seller. *Original Auto Parts,* 9 B.R. at 471, quoting the Congressional Record as follows: "[A] demand for reclamation *must* be made in writing anytime before ten days after receipt of the goods by the debtor." 124 Cong.Rec. H. 11,097 (Sept. 28, 1978) (emphasis added). Other decisions within this Circuit are in accord with this holding. *See In re Deephouse Equipment Co., Inc.,* 22 B.R. 255; *In re Flagstaff Food Service Corp.,* 14 B.R. 462 (dicta).

The Bankruptcy Appellate Panel of the First Circuit has also come to the conclusion that Section 546(c) is the exclusive remedy for reclaiming sellers. *See In re Koro Corporation,* 20 B.R. 241 (B.A.P. 1st Cir.1982). In *Koro,* the court found that "Section 546(c) is clear and unambiguous in its scope and its requirements," 20 B.R. at 242. The court went on to hold that any right to reclamation is contingent upon the seller "making a written demand within ten days of the Debtor's receipt of the goods." *Id.* at 243.

In sum, the substantial weight of authority holds that Section 546(c) represents an exclusive remedy, and that unless a seller meets the ten-day notice requirement, it has no other common law or statutory right of action. *See In re Alla-Ohio Valley Coals, Inc.,* 22 B.R. 336 (Bkrtcy.D.D.C.1982); *Matter of Deephouse Equipment Co., Inc.,* 22 B.R. 255 (Bkrtcy.D.Conn.1982); *Action Industries, Inc. v. Dixie Enterprises, Inc.,* 22 B.R. 855 (Bkrtcy.S.D.Ohio 1982); *In re Contract Interiors, Inc.,* 14 B.R. 670 (Bkrtcy.E. D.Mich.1981). *But see In re A.G.S. Food*

---

ings *Before the Subcommittee on the Improvement of Judicial Machinery of the Committee on the Judiciary on S. 235, 94th Cong., 1st Sess., Part 3, at 122 (1975).* Professor Minahan, however, was not directly involved in the drafting of the Bankruptcy Code and his statement, therefore, is of little objective value. As the Supreme Court declared with regard to evaluating legislative history: "[R]emarks other than by persons responsible for the preparation or the drafting of the bill are entitled to little weight." *Ernst & Ernst v. Hochfelder,* 425 U.S. 185, 203 n. 24, 96 S.Ct. 1375, 1386 n. 24, 47 L.Ed.2d 668 (1976).

**2.** Underlying this Court's view that Section 546(c) is the exclusive remedy for a reclaiming seller is the fact that this section was intended

to resolve the lengthy dispute about the fate of such seller that had raged prior to its enactment. Such resolution of this debate was accomplished by the drafters of Section 546(c) by their definitive statement of the conditions under which such seller can defeat the trustee and their implicit declaration that only under such conditions can the seller triumph. *See* Mann & Phillips, *Section 546(c) of the Bankruptcy Reform Act: An Imperfect Resolution of the Conflict Between the Reclaiming Seller and the Bankruptcy Trustee,* 54 Am.Bankr.L.J. 239, 265 (1980). *See also In re Contract Interiors, Inc.,* 14 B.R. at 673–75 (analyzing and disagreeing with the position taken by Mann and Phillips that § 546(c) is not an exclusive remedy).

*Systems, Inc.,* 14 B.R. 27 (Bkrtcy.D.S.C. 1980) (Section 546(c) held not to apply to seller who by making a timely *oral* demand one day prior to the filing of the bankruptcy petition complied with state law reclamation requirements).

■ Therefore, in the case at bar, plaintiffs' failure to give written notice of its demand for reclamation before the expiration of the statutory ten-day period requires that the court summarily deny their requests for relief.

Accordingly, HRT's motion to dismiss the plaintiffs' complaints is granted because their complaints fail to state a claim upon which relief can be granted.[3]

It is SO ORDERED.

---

3. The complaints seek *inter alia* relief from the stay provisions of Section 362 of the Code to permit the commencing of a suit to obtain possession of property of the estate. Notwithstanding plaintiffs' failure specifically to request this form of remedy in the prayers for relief, it too is denied. It may be that the ambivalence in pleading is grounded upon the possibility that this court would or could lift the stay and deflect to another forum the common law fraud issues raised. In view of the determination herein as to lack of a remedy for the plaintiffs, stay modification is unavailable to them.