**In re L.T.S., INC., dba Shamanah Golf Club, Debtor.**

**Larry ROBERTS, dba Highland Golf Cars of Idaho, Plaintiff,**

v.

**L.T.S., INC., dba Shamanah Golf Club, Defendant.**

**Adv. No. 83–0245.**

United States Bankruptcy Court, D. Idaho.

Sept. 12, 1983.

Jeffery M. Wilson, Matthews & Wilson, Boise, Idaho, for plaintiff.

Larry E. Prince, Langroise, Sullivan & Smylie, Boise, Idaho, for defendant.

MEMORANDUM DECISION AND ORDER GRANTING SUMMARY JUDGMENT

M.S. YOUNG, Bankruptcy Judge.

This action was commenced by plaintiff who sought to "reclaim" a number of golf cars from defendant debtor in possession. The action, as was made clear in plaintiff's amended complaint, is predicated upon I.C. 28–2–702, entitled "Seller's remedies upon discovery of buyer's insolvency", which provides in subsection (2):

"(2) Where the seller discovers that the buyer has received goods on credit while insolvent he may reclaim the goods upon demand made within ten (10) days after the receipt, but if misrepresentation of solvency has been made to the particular

seller in writing within three (3) months before delivery the ten (10) day limitation does not apply. Except as provided in this section the seller may not base a right to reclaim goods on the buyer's fraudulent or innocent misrepresentation of solvency or intent to pay."

Defendant contends that the right of a seller of goods such as plaintiff to reclaim those goods upon the buyer's insolvency is controlled exclusively, when that buyer has filed for relief under the Bankruptcy Code, by 11 U.S.C. 546(c) which provides in pertinent part:

"The rights and powers of the trustee under sections 544(a), 545, 547, and 549 of this title are subject to any statutory right or common law right of a seller, in the ordinary course of such seller's business, of goods to the debtor to reclaim such goods if the debtor has received the goods while insolvent, but—

(1) such seller may not reclaim any such goods unless such seller demands in writing reclamation of such goods before ten days after the receipt of such goods by the debtor. . . ."

The operative facts are not in dispute. In September, 1982, defendant through its officer Dennis Labrum purchased 30 Yamaha golf carts and 2 Yamaha dumpsters for $75,930.00 from plaintiff. This was an unsecured transaction. Defendant paid plaintiff $8,500.00 at some point near the date of the transaction. The balance of the purchase price has never been paid. The golf carts were delivered to defendant approximately September 13, 1982. No written demand was made by plaintiff within ten days thereof. Defendant's chapter 11 proceeding was filed in January, 1983. The matter is presently before the Court upon defendant's motion for summary judgment.

The operation of § 546(c) has generated a great deal of discussion by courts and commentators. As is reflected in the legislative history of the section:

"The seller must demand reclamation within ten days after receipt of the goods by the debtor. As under nonbankruptcy law, the right is subject to any superior right of secured creditors. The purpose of the provision is to recognize in part, the validity of section 2–702 of the Uniform Commercial Code, which has generated much litigation, confusion, and divergent decisions in different circuits." (Emphasis supplied).

Senate Report No. 95–989, 95th Cong., 2d Sess. 86–7 (1978), U.S.Code Cong. & Admin. News, pp. 5787, 5872. The issue addressed by most courts is whether that "partial" recognition of § 2–702 is limited solely to those situations where a *written* demand for reclamation is made within the ten day period, i.e., whether § 546(c) adds an additional requirement and is exclusive. If so, a seller who fails to make a written timely demand is foreclosed from asserting the § 2–702(2) right to reclaim goods from a bankrupt buyer on the ground that an oral demand was made or a misrepresentation of solvency occurred within the three months preceding delivery of the goods.

A review of the case law indicates that virtually every court considering the question has concluded that § 546(c) is the sole means for a seller to successfully assert a right to reclaim goods sold to an insolvent buyer when that buyer has filed for relief under the Code and, thus, that a written demand under the section is mandatory. The sole appellate decision on the issue, *In re Koro Corp.*, 20 B.R. 241, 6 C.B.C.2d 670, 9 B.C.D. 108 (1st Bkrtcy.App.1982), held:

"Section 546(c) is clear and unambiguous in its scope and its requirements. Any common law or statutory right to reclaim goods sold in the ordinary course of business is contingent upon (the seller) making a written demand within ten days of the Debtor's receipt of the goods. *B. Berger Co. v. Contract Interiors, Inc. (In re Contract Interiors, Inc.)*, 14 B.R. 670, 8 BCD 174 (Bkrtcy.E.D.Mich.1981); *In re Original Auto Parts Distributors*, 9 B.R. 469, 7 BCD 490 (Bkrtcy.S.D.N.Y.1981). This section provides the exclusive remedy for a creditor attempting to reclaim such goods. *B. Berger Co., supra.*"

*Id.* at 242–3. The case of *In re Contract Interiors, Inc.*, 14 B.R. 670, 5 C.B.C.2d 300, 8

B.C.D. 174 (Bkrtcy.E.D.Mich.1981), cited by the Panel in *Koro* is one of the best analysis of the history, function, and operation of the section.[1] Other courts similarly holding include *In re Kentucky Flush Door Corp.*, 28 B.R. 808 (Bkrtcy.W.D.Ky.1983); *Matter of Deephouse Equipment Co., Inc.*, 22 B.R. 255, 6 C.B.C.2d 1380, 9 B.C.D. 423 (Bkrtcy.D. Conn.1982); *In re Alla-Ohio Valley Coals, Inc.*, 22 B.R. 336 (Bkrtcy.D.C.1982); *In re Ateco Equipment, Inc.*, 18 B.R. 917, 8 B.C.D. 1165 (Bkrtcy.W.D.Pa.1982); *In re Original Auto Parts Distributors, Inc.*, 9 B.R. 469, 7 B.C.D. 490 (Bkrtcy.S.D.N.Y.1981).

Plaintiff relies upon *In re A.G.S. Food Systems, Inc.*, 14 B.R. 27, 8 B.C.D. 178 (Bkrtcy.D.S.C.1980), for the proposition that § 546(c) is not exclusive and the requirement of written demand not binding. In that case, a timely oral demand under § 2–702(2) was made but a written demand within the same time was not. The court held therein:

> "The trustee (defendant) misconceives the function and application of 11 U.S.C. § 546(c). Section 546(c) recognizes a seller's right to reclaim goods under § 2–702(2) of the Uniform Commercial Code. If the seller meets the requirements of § 546(c), the seller's right to reclaim is insulated from attack by the trustee under the avoiding powers set forth in § 546(c). In the event the seller fails to meet the requirements of § 546(c), the seller loses the benefit of the shield afforded by that section and the trustee can attack the reclamation under the indicated avoiding powers. The failure to make a demand in writing does not preclude the seller from reclaiming the goods. Rather, it merely opens the recla-
> mation to an attack by the trustee under the specified avoiding powers including the 'strong-arm clause' of § 544(a). In order for the trustee to prevail over the seller the trustee must establish that his rights, as a judicial lien creditor on the date of the commencement of the case, are superior to the seller's right to reclaim."

*Id.* at 28–9. To date, no court[2] appears to have followed the line of analysis set forth in *A.G.S. Food Systems.* Were that position adopted in the present case, defendant would have to litigate the issue of whether its rights as a lien creditor defeat the interests of plaintiff assuming that an oral demand was made within ten days of the September 13 delivery (a fact which does not appear of record) or assuming that the execution by defendant of a bill of sale or invoice (Exhibit 21 to the deposition of Larry Roberts) constitutes a written misrepresentation of solvency under § 28–2–702(2).

I find it unnecessary, however, to engage in this latter analysis since I conclude that, under the clear language of § 546(c) and the weight of authority, compliance with the requirement of a timely written demand is essential for a seller to claim property of the bankruptcy estate through vehicle of statutory reclamation. Though harsh, Congress has established the "equities" of the situation and has determined that such goods remain in the estate and that the seller be treated as a general creditor.

Based thereupon, and finding no issue of fact presented relevant thereto since plaintiff admits the lack of a timely written

---

1. It also discusses at length the analysis of Mann & Phillips, 54 A.B.L.J. 239, *infra* note 2, countering the arguments advanced therein.

2. I am aware that Mann & Phillips in "Section 546(c) of the Bankruptcy Reform Act: An Imperfect Resolution of the Conflict Between the Reclaiming Seller and the Bankruptcy Trustee", 54 A.B.L.J. 239 (1980), and the authors of 4 Collier on Bankruptcy ¶ 546.04[2] at n. 9, p. 546–11, adopt a position similar to that of the court in *A.G.S. Food Systems. Cf.* White and Summers, Uniform Commercial Code, Sec. 24–9 at p. 1027 (2d Ed.1980). I feel, however, this is unpersuasive authority in light of the language of the section and the weight of precedent. As stated by Bankruptcy Judge Brody in *Contract Interiors, supra,* courts may not rewrite legislation in the guise of construction but must accept what Congress has enacted as written. Both commentators, in my view, propose a "better view" in order to circumvent the obvious operation of the section and its admittedly difficult requirement for reclaiming sellers.

demand, defendant's motion for summary judgment will be granted.

IT IS SO ORDERED.