### In re KENTUCKY FLUSH DOOR CORPORATION, Debtor.

**Bankruptcy No. 3–82–01970.**

United States Bankruptcy Court,
W.D. Kentucky.

March 21, 1983.

Harry B. Diamond, Louisville, Ky., for debtor-in-possession.

Kenneth L. Sales, Louisville, Ky., for creditors.

### MEMORANDUM AND ORDER

G. WILLIAM BROWN, Bankruptcy Judge.

This matter comes before the Court on motion of *Lifetime Doors, Inc.,* and *West Coast Door, Inc.,* creditors, by counsel, for an order granting said creditors rights of reclamation to goods delivered to the debtor.

On September 7, 1982, the debtor herein filed a petition for relief under the provisions of Chapter 11 of the Bankruptcy Code, 11 U.S.C. Subsequently, on October 12, 1982, the creditors here filed a motion for a hearing to determine their rights of reclamation alleging only that they "... move the Court to grant them rights of reclamation to goods delivered to the Debtor-in-Possession on August 23, 1982, pursuant to the uniform commercial code [sic]...." Pursuant to this motion and by order of this Court on October 21, 1982, a hearing was set on November 9, 1982, relative to this matter.

Thereafter, on October 28, 1982, the debtor-in-possession, by counsel, filed an objection to the motion for reclamation rights alleging that the rights of said creditors were not perfected pursuant to KRS 355.2–702, that another creditor held a priority lien in inventory of the debtor and acknowledging delivery of the goods in question on August 13, 1982.

The hearing was conducted and pursuant thereto, by Court order of November 10, 1982, the creditors were given to December 10, 1982, in which to submit evidence and a memorandum of legal authorities, and the debtor-in-possession was given until January 1, 1983, in which to submit a responsive memorandum. It may be noted that the debtor-in-possession on October 15, 1982, filed a motion to sell property consisting of remaining inventory, and the motion was granted by Order of this Court on October 21, 1982, following notice to all creditors and unless objections were submitted thereto. The creditors involved were apparently duly noticed on this motion and at no time objected to this sale.

On December 30, 1982, the debtor-in-possession filed its memorandum timely pursuant to the Court's Order of November 10, 1982. It was not until January 12, 1983, that the creditors filed their memorandum in support of rights of reclamation with supporting documents consisting of the affidavit of Leonard Tierman, the Secretary/Treasurer of Lifetime Doors, Inc.; a copy of a complaint filed in Jefferson Circuit Court against the debtor on September 3, 1982, with a restraining order entered by said court the same day prohibiting the debtor from selling any merchandise sold by Lifetime Doors, Inc., to the debtor; the affidavit of counsel for the creditor; and copies of two pieces of correspondence from counsel for the creditors to counsel for the debtor.

On January 14, 1983, the debtor, by counsel, filed a motion to strike the memorandum of the creditors as untimely. Thereafter, the creditors responded to said motion on January 21, 1983, contending that "... no prejudice has been shown by the Debtor in possession [sic] to the delayed submission of this memorandum and that the memorandum both responds to the memorandum of Kentucky Flush Door and elaborates upon the same grounds mentioned in the original motion of Lifetime Doors, Inc., and West Coast Door, Inc., in this action."

11 U.S.C. § 546(c) provides that:

The rights and powers of the trustee under sections 544(a), 545, 547, and 549 of this title are subject to any statutory right or common-law right of a seller, in the ordinary course of such seller's business, of goods to the debtor to reclaim such goods if the debtor has received such goods while insolvent, but—

(1) such a seller may not reclaim any such goods unless such seller demands in writing reclamation of such goods before ten days after receipt of such goods by the debtor. . . .

As debtor-in-possession, the debtor, subject to limitations not relevant here, has "all the rights ... and powers, and shall perform all the functions and duties ... of a trustee serving in a case under this chapter." 11 U.S.C. § 1107. The rights granted to a trustee under § 544 are those of a lien creditor and a bona fide purchaser. The trustee may avoid statutory liens under § 545, preferential transfers under § 547, and postpetition transfers under § 549.

The Uniform Commercial Code § 2–702(2) [KRS 355.2–702(2)] grants a seller the right to reclaim goods received by a buyer while insolvent upon demand within ten days after receipt. The ten-day provision does not apply if a written misrepresentation of solvency is involved.

The legislative history to 11 U.S.C. § 546(c) states that "[t]he purpose of the provision is to recognize, in part, the validity of § 2–702 of the Uniform Commercial Code, which has generated much litigation, confusion, and divergent decisions in different circuits." H.R.Rep. No. 595, 95th Cong., 1st Sess. 371–72 (1977); S.Rep. No. 989, 95th Cong., 2nd Sess. 86–87 (1978), U.S.Code Cong. & Admin.News 1978, pp. 5787, 6328.

Courts construing U.C.C. § 2–702 have held that it provides the sole remedy for a reclaiming seller, thereby eliminating any other common law remedy a seller has. *United States v. Wyoming National Bank of Casper,* 505 F.2d 1064 (10th Cir.1974); *In Re Eli Witt Co.,* 12 B.R. 757, 32 U.C.C.Rep. Serv. 120 (Bkrtcy., M.D.Fla.1981); *In Re Flagstaff Foodservice Corp.,* 14 B.R. 462, 8 BCD 120 (Bkrtcy., S.D.N.Y.1981). U.C.C. § 2–702 has also been interpreted to support a right to reclaim only goods, and not a right to recover the proceeds of the goods. *Stowers v. Mahon (In Re Samuels & Co.),* 526 F.2d 1238, cert. den., *Stowers v. Mahon,* 429 U.S. 834, 97 S.Ct. 98, 50 L.Ed.2d 99 (1976).

Virtually every bankruptcy court which has considered the question has held that § 546(c) represents an exclusive remedy, and that unless a seller meets the ten-day prior notice condition imposed by § 546(c), he retains no other common law or statutory right of action. These cases reason that after specifically providing sellers with a reclamation right akin to that provided by the Uniform Commercial Code, Congress intended § 546(c) to be the exclusive remedy for reclaiming sellers, and that the failure to comply with the conditions set forth in § 546(c) precludes any recovery. *In Re Koro Corp.,* 20 B.R. 241, 243 (Bkrtcy. App., 1st Cir.1982). ("Any common law or statutory right to reclaim goods sold in the ordinary course of business is contingent upon (the seller) making a written demand within ten days of the Debtor's receipt of the goods."); *In Re Ateco Equipment, Inc.,* 18 B.R. 917, 920, 8 BCD 1165, 1167 (Bkrtcy., W.D.Pa.1982). ("[T]he drafters of the act intended to give to the reclaiming seller the limited right to reclaim only if he complied with the ten-day notice provision."); *In Re Contract Interiors, Inc.,* 14 B.R. 670, 8 BCD 174 (Bkrtcy., E.D.Mich.1981) (reclamation provisions of § 546[c] are exclusive and reclaiming seller cannot reclaim on common law theory of fraud without complying with provisions of that section); *In Re Original Auto Parts Distributors, Inc.,* 9 B.R. 469, 471, 7 BCD 490, 492 (Bkrtcy., S.D.N.Y.1981). ("[A] seller who seeks to reclaim goods delivered to a debtor, whether relying on U.C.C. § 2–702(2) or common law fraud, must comply with the requirements of Code § 546[c].")

Rule 407, Rules of Bankruptcy Procedure, provides:

"At a trial on a complaint objecting to a discharge, the plaintiff has the burden of providing the facts essential to his objection."

Likewise in the instant case, the creditors bear the burden of proof of establishing the basis of their motion for rights of reclamation.

Whether the creditors' memorandum should be stricken as untimely filed is an issue which is rendered moot in view of the fact that even construing said memorandum and evidence in a light most favorable to the creditors, the complainants have failed to carry their burden of proof. Under both the Uniform Commercial Code § 2–702(2), and § 546(c) of the Bankruptcy Code, a written demand is required in order to enforce the reclamation rights of the seller. There was no evidence submitted or even alleged to the effect that *written demand* was ever made by the creditors on the debtor here.

This Memorandum and Order constitutes Findings of Fact and Conclusions of Law pursuant to Rule 752, Rules of Bankruptcy Procedure.

WHEREFORE, in view of all of the foregoing, the creditor-complainants having failed to sustain their burden of proof and the Court being otherwise sufficiently advised,

IT IS ORDERED AND ADJUDGED that the motion of Lifetime Doors, Inc., and West Coast Door, Inc., for rights of reclamation be and the same hereby is denied. This is a final order.