In re JEANES MECHANICAL CONTRACTORS INC., Debtor.

AMERICAN DRUGGISTS' INSURANCE CO., Plaintiff,

v.

JEANES MECHANICAL CONTRACTORS, INC., Defendant.

Bankruptcy No. 38100529.
A.P. No. 3810167.

United States Bankruptcy Court,
W.D. Kentucky.

Sept. 2, 1983.

Charles R. Simpson, III, Louisville, Ky., trustee.

Glen W. Clark, Jr., Lithia Springs, Ga., for plaintiff.

David Stosberg, Louisville, Ky., for Citizens Fidelity Bank & Trust Co.

John W. Ames, Louisville, Ky., for debtor.

## MEMORANDUM AND ORDER

MERRITT S. DEITZ, Jr., Bankruptcy Judge.

American Druggists' Insurance Company, subrogee for certain suppliers on a bonded improvement project for Philip Morris, has petitioned this Court for the return of construction materials which were in the possession of Jeanes Mechanical Contractors, Inc., at the time of Jeanes' bankruptcy. Today's ruling disposes of the plaintiff's motion for summary judgment on the issue of ownership of these disputed items.

Several plumbing-supply retailers had agreed to furnish the mechanical subcontractor, Jeanes, with materials which were to be used during renovation and expansion of the Philip Morris hogshead processing facility. When Jeanes filed for bankruptcy some of these materials remained on-site with bills owing to the suppliers. By agreed order these items were sold and the proceeds await disposition by the trustee, the defendant in this action.

The surety's claim rests on three theories. First, it is claimed that the estate has no legal or equitable interest in the materials because the debtor held them in trust for the suppliers. American Druggists' contends that KRS 376.070, as interpreted by this court in *Re D & B Electric, Inc.*,[1] controls. The statute in question imposes upon building contractors a fiduciary duty *only* with respect to "the *proceeds* of any payment received from the owner"; KRS 376.070(1), and we will not strain the principles of statutory construction by applying the statute to "supplies" as well as "proceeds." As *D & B Electric* says, "we as a bankruptcy court must interpret, not make, state law."[2]

Second, American Druggists' asserts an equitable right to reclaim these goods because the receipt of goods on credit while insolvent was a "misrepresentation of solvency" by the debtor. The surety admits that the sellers in question did not comply with KRS 355.2–702, which creates the statutory remedy of reclamation, but relies instead on a common law right of reclamation.[3] The trustee disagrees, arguing that KRS § 355.2–702 precludes all but statutory claims made within ten days after receipt by the buyer, unless there was a written misrepresentation of solvency during the three months before delivery.

We need not determine whether Kentucky has recognized a common law right of reclamation. A reclaiming seller, whether relying on a statutory right or common law protections, must comply with Section 546(c) of the Bankruptcy Code which clearly requires a written demand for reclamation

1. 4 B.R. 263 (Bkrtcy.W.D.Ky.1980).

2. *Id.* p. 269. Our conclusion is in complete accord with the guidelines announced by the Sixth Circuit, which focus only on the proper application of *construction funds.* See *Selby v. Ford Motor Co., et al.,* 590 F.2d 642 (6th Cir. 1979); *Parker v. Klochko Equipment Rental Co., Inc. et al.,* 590 F.2d 649 (6th Cir.); *cert. denied,* 444 U.S. 831, 100 S.Ct. 60, 62 L.Ed.2d 40 (1979).

3. American Druggists reads *In re Mel Golde Shoes,* 403 F.2d 658 (6th Cir.1968), as recognizing an equitable reclamation right because "the

court treat(ed) the rights of an unpaid seller as 'tantamount to those available to a defrauded seller.'" (Brief pp. 4–5). But in restoring this statement to its full context the weakness of the argument is revealed. The Sixth Circuit modified and qualified the reclamation right in question: "We consider that the rights of the unpaid seller—*given by § 355.2–702(2)*—were tantamount to those available to a defrauded seller." *Id.* at p. 660 (emphasis added). Here, we reiterate, the claim has no state statutory basis.

within ten days.[4] Lacking a timely written demand by the sellers, the surety cannot prevail on its assertion of an equitable right of reclamation.[5]

■ Finally, the surety claims subrogation rights of the owner arising under the contract forfeiture clause which was activated by this proceeding in bankruptcy and by the nonpayment of subcontractors and suppliers. This final claim is clearly precluded by the Bankruptcy Code. Section 541(c)(1)(B) makes such forfeiture clauses unenforceable, gathering into the estate all interests of the debtor " . . . notwithstanding any provision that is conditioned on the insolvency or financial condition of the debtor, or the commencement of a case under this title. . . ."

■ It is most common in the construction industry for retail suppliers to deliver materials to a contractor for incorporation into a larger job. But in cases like this, the exact nature of their contractual relationship becomes a crucial issue. According to the surety's own description,[6] the relationship between the mechanical suppliers and Jeanes originated with a series of open-account transactions. That is, Jeanes obtained its materials through simple credit sales. The suppliers' failure to adequately protect their interests relegates them (and their subrogee American Druggists') to the status of the unsecured creditor, and American Druggists' will be so treated in the pro-rata distributions to be made by the trustee.

Having determined that American Druggists' is not entitled to recover under any of the three theories advanced, its motion for summary judgment is hereby OVERRULED. This is a final order.

---

4. Section 546(c) provides as follows: "such a seller may not reclaim any such goods unless such seller demands in writing reclamation of such goods before ten days after receipt of such goods by the debtor." This provision is derived from Section 2–702 of the Uniform Commercial Code and makes it clear that the right of reclamation is valid although bankruptcy intervenes. However, it specifies the precise conditions under which the right will be recognized: "a demand for reclamation must be made in writing any time before 10 days after receipt of the goods by the debtor." See 124 Cong.Rec.H. 11,097 (Sept. 28, 1978); S. 17, 413–414 (Oct. 6, 1978); See H.Rpt. No. 95–595,

95th Cong. 1st Sess. (1977) 371–72; S.Rpt. No. 95–989, 95th Cong. 2d Sess. (1978) 86–7, U.S. Code Cong. & Admin.News 1978, p. 5787.

5. See *In re Kentucky Flush Door Corp.,* 28 B.R. 808 (Bkrtcy.W.D.Ky.1983); Mann & Phillips, "Section 546(c) of the Bankruptcy Reform Act: An Imperfect Resolution of the Conflict Between the Reclaiming Seller and the Bankruptcy Trustee" 54 American Bankruptcy L.J. 261, note 107 (1980).

6. Plaintiff's Brief, p. 2.