In re ROZEL INDUSTRIES, INC., a Delaware corporation, d/b/a Video King, f/d/b/a Minnesota Fats, Debtor.

HITACHI DENSHI AMERICA, LTD., Plaintiff,

v.

ROZEL INDUSTRIES, INC., Defendant.

Bankruptcy No. 85 B 00515.

Adv. No. 85 A 0588.

United States Bankruptcy Court, N.D. Illinois, E.D.

June 15, 1987.

David A. Golin, Nachman, Munitz & Sweig, Ltd.; Stone, Pogrund & Korey, Chicago, Ill., for debtor defendant.

Paul E. Freehling, Pope, Ballard, Shepard & Fowle, Chicago, Ill., for plaintiff.

## MEMORANDUM OPINION AND ORDER

FREDERICK J. HERTZ, Bankruptcy Judge.

■ Plaintiff Hitachi Denshi America, Ltd., filed an adversary complaint against defendant Rozel Industries, Inc., seeking to reclaim goods sold to Rozel. This cause comes before the court on Rozel's motion for judgment on the pleadings.[1] For the reasons set forth below, this motion is granted.

Hitachi alleges in its complaint that Rozel ordered 160 videocassette recorders, costing $148,800. Hitachi accepted Rozel's order based upon oral and written representations by Rozel's agent that Rozel was solvent. The VCRs were shipped on December 14, 1984. Rozel failed to pay for the goods and subsequently filed for bankruptcy on January 14, 1985. On January 22, 1985, Hitachi sent Rozel a written demand seeking reclamation of the VCRs. This demand was refused. At issue in this case is whether Hitachi's demand for reclamation was timely.

Reclamation under the Bankruptcy Code is governed by 11 U.S.C. § 546(c), which provides in pertinent part:

(c) Except as provided in subsection (d) of this section, the rights and powers of a trustee under sections 544(a), 545, 547, and 549 of this title [11 USCS §§ 544(a), 545, 547, and 549] are subject to any statutory or common-law right of a seller of goods that has sold goods to the debtor, in the ordinary course of such seller's business, to reclaim such goods if the debtor has received such goods while involvent, but–

(1) such a seller may not reclaim any such goods unless such seller demands in writing a reclamation of such goods before ten days after receipt of such goods by the debtor;

Hitachi concedes its demand was made after the ten-day period referred to above.

1. Rozel seeks to dismiss this complaint pursuant to F.R.Civ.P. 12(b)(6), claiming Hitachi failed to state a claim upon which relief may be granted. Because Rozel filed this motion after its answer, this motion shall be treated as a motion for judgment on the pleadings under F.R.Civ.P. 12(c). *Roberts v. American Airlines, Inc.,* 526 F.2d 757, 761 (7th Cir.1975).

However, Hitachi contends § 546(c) is not the exclusive remedy for a reclaiming seller against a debtor in bankruptcy. Rather, this section should be interpreted as a "safe harbor" provision, shielding a seller's reclamation rights against the avoiding powers of the trustee or debtor in possession. Hitachi argues that, despite its failure to comply with § 546(c), it should still be able to proceed under its state statutory right of reclamation, subject to the avoiding powers.[2] Hitachi finds support for this position in case law and secondary source material. *United Beef Packers v. Lee (In re A.G.S. Food Systems, Inc.)*, 14 B.R. 27 (Bankr.D.S.Car.1980); and Mann & Phillips, "Section 546(c) of the Bankruptcy Reform Act: An Imperfect Resolution of the Conflict Between the Reclaiming Seller and the Bankruptcy Trustee," 54 Am.Bankr.L.J. 239, 265–267 (1980). While this issue has not been directly considered in this jurisdiction, a related issue was addressed in *Steinberg v. American Chicle (In re Meyer-Midway, Inc.)*, 68 B.R. 181 (Bankr.N.D. Ill.1986). In that case, the District Court for the Northern District of Illinois applied Bankruptcy Rule 9006(c) to the ten-day time period of § 546(c). The court held that if the ten-day period ended on a weekend or holiday, the time period is extended to the next weekday. Thus, a seller's written demand made eleven days from the date of delivery was held to be timely. Implicit in this decision is the notion that the seller's reclamation rights would have been invalidated had its demand been deemed untimely under § 546(c).

Further, except for *United Beef Packers, supra,* courts in other jurisdictions have found § 546(c) to be the exclusive remedy for a reclaiming seller. *Plastic Distribut-ing Corp. v. Koro Corp. (In re Koro Corp.)*, 20 B.R. 241 (Bankr.1st Cir.1982); *Roberts v. L.T.S., Inc. (In re L.T.S., Inc.)*, 32 B.R. 907 (Bankr.D.Idaho 1983); *American Druggists' Insurance Co. v. Jeanes Mechanical Contractors, Inc. (In re Jeanes Mechanical Contractors, Inc.)*, 32 B.R. 657 (Bankr.W.D.Ky.1983); *Crown Quilt Corp. v. HRT Industries, Inc. (In re HRT Industries, Inc.)*, 29 B.R. 861 (Bankr. S.D.N.Y.1983); *In re Kentucky Flush Door Corp.*, 28 B.R. 808 (Bankr.W.D.Ky. 1983); *Continental Coal Sales Corp. v. Alla-Ohio Valley Coals, Inc. (In re Alla-Ohio Valley Coals, Inc.)*, 22 B.R. 336 (Bankr.D.C.1982); and *Ecolotec, Inc. v. Deephouse Equipment Co., Inc. (Matter of Deephouse Equipment Co., Inc.)*, 22 B.R. 255 (Bankr.D.Conn.1982); *Ateco Equipment Inc. v. Columbia Gas of Pa., et al. (In re Ateco Equipment Inc.)*, 18 B.R. 917 (Bankr.W.D.Penn.1982); *B. Berger Co. v. Contract Interiors, Inc. (In re Contract Interiors, Inc.)*, 14 B.R. 670 (Bankr.E.D. Mich.1981); and *In re Original Auto Parts Distributors, Inc.*, 9 B.R. 469 (Bankr.S.D. N.Y.1981).

In *B. Berger Co., supra,* the theoretical underpinnings of the safe harbor argument were thoroughly evaluated and found to be lacking. *Id.* at 674–675. The court went on to examine the legislative history of § 546(c). In discussing pre-Code bankruptcy law, the court noted that the adoption of § 2–702 of the Uniform Commercial Code led to confusion concerning its application to bankrupt estates. *Id.* at 673. The purpose of § 546(c) was to "recognize, in part, the validity of section 2–702 of the Uniform Commercial Code, which has generated much litigation, confusion, and divergent decisions in different circuits." H.R.Rep.

---

**2.** Hitachi contends it is entitled to reclaim the VCRs under Sec. 2–702(2) of the Uniform Commercial Code, as adopted by Illinois under Ill. Rev.Stat. ch. 26, § 2–702(2), which provides:

Where the seller discovers that the buyer has received goods on credit while insolvent he may reclaim the goods upon demand made within 10 days after the receipt, but if misrepresentation of solvency has been made to the particular seller in writing within 3 months before delivery the 10 day limitation does not apply.

Because Hitachi alleges it received written misrepresentations of solvency, its demand for reclamation would be enforceable under this provision.

**3.** Prior to the adoption of § 546(c), some jurisdictions refused to recognize a seller's reclamation rights under state reclamation law as it applied to a debtor in bankruptcy. For a clear exposition of pre-code law, see generally, *Bassett Furniture Industries, Inc. v. Wear, (Matter of PFA Farmer's Market Association)*, 583 F.2d 992 (8th Cir.1978).

No. 95–595, 95th Cong., 1st Sess. (1977) pp. 371, 372, U.S.Code Cong. & Admin.News 1978, pp. 5787, 6328. Thus, § 546(c) was intended to eliminate the disruptive litigation that arose on this issue.[3] This was effectuated by balancing the goal of enhancing a company's reorganization prospects with the competing desire to protect a victimized seller. *B. Berger Co., supra,* at 674, ft. 3. The court concluded: "The purpose set forth in the legislative history can be given effect only if it is held that section 546(c) provides the exclusive remedy for a reclaiming seller." *Id.* at 674.

■ Based on the foregoing, this court finds that § 546(c) is the exclusive remedy for a seller seeking to reclaim goods from a debtor in bankruptcy. To obtain this remedy, the seller must meet the following requirements: (1) the seller must have a state statutory or common law right to reclaim the goods, (2) the seller must have sold the goods in the ordinary course of its business, (3) the debtor must have been insolvent when it received the goods, and (4) the seller must have made a written demand for the return of the goods within ten days after the debtor received the goods.

■ Here, Hitachi failed to make a written demand to reclaim its VCRs within ten days of its delivery. Accordingly, Hitachi does not have a right of reclamation against Rozel. Because the issue before this court is limited to Hitachi's reclamation rights, this court expresses no opinion concerning any potential liability of Rozel's agent or its accounting firm.

THEREFORE, IT IS HEREBY ORDERED that judgment is rendered in favor of Rozel. It is further ordered that the status hearing in this case, scheduled for June 18, 1987, at 10 o'clock a.m., is hereby canceled.

IT IS SO ORDERED.