In re BUYER'S CLUB MARKET, INC., Debtor.

SILCO DISTRIBUTING COMPANY, Plaintiff,

v.

BUYER'S CLUB MARKET, INC., Defendant.

Bankruptcy No. 89 B 04395 J.
Adv. No. 89 J 0369.

United States Bankruptcy Court, D. Colorado.

May 2, 1989.

See also, Bkrtcy., 100 B.R. 37.

Curt Todd, Haligman and Lottner, Englewood, Colo., for plaintiff.

Barry J. Weinert, and Gelt, Fleishman & Sterling, Denver, Colo., for defendant.

MEMORANDUM OPINION AND ORDER

ROLAND J. BRUMBAUGH, Bankruptcy Judge.

THIS MATTER comes before the Court upon the Complaint of plaintiff for reclamation of goods sold to the debtor/defendant.

The facts, as stipulated by the parties, are as follows. Between April 3 and April 6, 1989, plaintiff, in the ordinary course of its business, delivered approximately $4,000.00 worth of goods to defendant, and the defendant admits that it was insolvent on the dates it received the goods. On April 6, 1989, defendant filed its Chapter 11 bankruptcy petition. On April 12, 1989, plaintiff filed its written reclamation demand with this Court. Defendant received this demand on April 13, 1989, and admits it had $3,736.34 worth of the goods in its possession on that date. On April 13, 1989, plaintiff filed the within Complaint and requested a temporary restraining order prohibiting defendant from selling, transferring, encumbering, or otherwise disposing of the goods in question. The Court entered a TRO, *ex parte*, on April 14, 1989, a Friday, and set a hearing on a preliminary injunction for Monday, April 17, 1989. Also on April 14, 1989, because the defendant did not wish to pull these goods from its shelves and because it wished to continue selling the goods to the public over the upcoming weekend, the defendant tendered to plaintiff its check for $3,736.34, in trust, pending the outcome of this controversy. In return, the plaintiff agreed the goods could be sold by the defendant in the ordinary course of business.

On April 17, 1989, a hearing was held and the Court issued a preliminary injunction against the defendant pending the out-

come of the suit. The parties stated that the facts, *supra,* were all of the relevant facts and requested permission to submit the matter on briefs in lieu of a trial and the Court agreed. The briefs were submitted May 3, 1989, and the matter is now at issue.

In order to be entitled to reclamation in a bankruptcy setting, the seller of goods must comply with 11 U.S.C. § 546(c) (which is different from § 2–702 of the Uniform Commercial Code). *In re Storage Technology Corp.,* 48 B.R. 862 (Bankr.Colo.1985).

 The Demand must be in writing and must use the word "reclamation". *In re Marin Motor Oil, Inc.,* 740 F.2d 220 (3rd Cir.1984). The demand must be made within ten (10) days after the buyer receives the goods. *In re Rozel Industries, Inc.,* 74 B.R. 643 (Bankr.N.D.Ill.1987). The sale must have been in the ordinary course of business for the seller, and the goods must have been received while the buyer was insolvent. For purposes of § 546(c), the "insolvency" definition of 11 U.S.C. § 101(31) applies, i.e. the "balance sheet test". *In re Storage Technology Corp., supra.* Misrepresentation of solvency is irrelevant, and the debtor/buyer's statements about solvency do not waive the necessity of a written demand within the ten-day period. *In re Ateco Equipment, Inc.,* 18 B.R. 917 (Bankr.W.D.Pa.1982). Absent bankruptcy, a misrepresentation of solvency by the buyer to the seller, made in writing and within three months before delivery of the goods, waives the ten-day requirement under § 2–702(2) of the UCC.

 Under the facts of this case, the Plaintiff is clearly entitled to reclamation. This Court can deny reclamation under § 546(c)(2) *only* if it grants plaintiff an administrative-priority expense claim under § 503(b) or secures such claim by a lien. The defendant/debtor has agreed to the granting of an administrative claim to plaintiff, but plaintiff resists that remedy and asserts its right to reclamation. The reclamation rights set forth in § 546(c) were an attempt by Congress to "recognize, in part, the validity of section 2–702 of the Uniform Commercial Code". S.Rep. No. 989, 95th Cong., 2d Sess. 87 (1978); accord H.R.Rep. No. 595, 95th Cong., 1st Sess. 372 (1977); [1978] U.S.Code Cong. & Ad.News 5787, 5873, 6328. The defendant argues against reclamation by stating that it has received several reclamation demands from other creditors and if all of those demands must be honored, it would be forced out of business. However, no evidence was presented to the Court to establish the number of or amount of the other reclamation demands or how honoring those demands would be an undue hardship on the debtor. When the bankruptcy court is faced with denying a valid reclamation claim, it must balance the harm to the reclaiming seller against the harm to the debtor and the other creditors. In this case, there are no secured creditors. The Debtor's schedules show assets of $6,515,703.70 and debts of $8,249,414.30. If the Court were to deny reclamation and grant plaintiff an administrative claim, it would mean that this creditor would have to continue to monitor the case to insure that its administrative claim was not jeopardized by extensive administrative claims from others which may deplete the available assets in the case, or dilute the reclaiming seller's administrative claim. Further, the plaintiff would have to be constantly vigilant that any possible post-petition financing does not pre-empt its claim with a superpriority claim under § 364(c)(2) and (3) as in the case of *In re Dixie Enterprises, Inc.,* 22 B.R. 855 (Bankr.S.D.Ohio, 1982). Finally, the plaintiff would have to oppose the payment of any interim fees requested by any professionals appointed in the case in order to protect its claim. All of this is costly to the creditor, and quite probably these costs would quickly surpass the $3,736.34 at stake here. Considering all these factors, the court concludes that the harm to Plaintiff by denying its reclamation claim far exceeds any harm to the defendant in granting that claim. It is, therefore, ORDERED that judgment shall enter in favor of the plaintiff and against the defendant and that the plaintiff is entitled to reclamation of its goods in the amount of $3,736.34, and the plaintiff may negotiate the check that was

previously tendered to plaintiff by defendant under their agreement, each party to bear its own costs.