### In re BUYER'S CLUB MARKETS, INC., Debtor.

**Bankruptcy No. 89 B 04395 J.**

United States Bankruptcy Court, D. Colorado.

May 17, 1989.

Barry J. Weinert, Gelt Fleishman & Sterling, P.C., Denver, Colo., for debtor.

Christopher E. Bench, Skeen & Pearlman, P.C., Denver, Colo., for movant.

## MEMORANDUM OPINION AND ORDER

ROLAND J. BRUMBAUGH, Bankruptcy Judge.

THIS MATTER comes before this Court upon the Motion for Reclamation Pursuant to Section 546(c) or in the Alternative for Adequate Protection Pursuant to Section 363(e) filed by Purebred Company, Inc., and the Debtors' Response thereto.

The parties have stipulated to the following facts. The Debtor filed its Chapter 11 petition on April 5, 1989. Movant, in the ordinary course of its business, delivered to Debtor, and Debtor received, the following packages of dog food:

> March 29, 1989 – 96 packages;
> March 30, 1989 – 72 packages;
> April 5, 1989   – 72 packages.

On April 7, 1989, the Debtor received Movant's Demand for Reclamation of goods and admits it had 100 packages on hand at that time. Since receiving the Demand, Debtor has received an additional 215 packages, and as of the date of hearing on this motion, still has 75 packages on hand. The Debtor opposes reclamation and agrees to granting Movant an administrative priority claim under 11 U.S.C. § 503(b) pursuant to 11 U.S.C. § 546(c)(2). The value of 100 packages of product is $1,845.00. Movant filed the within Motion on April 7, 1989. The Debtor also admits that all of the requirements of § 546(c) have been met as to the 100 bags of product it had on hand on April 7, 1989. *See, In re Buyer's Club Market, Inc.,* 100 B.R. 35 (Bankr.Colo. 1989).

There was some discussion at the hearing concerning the applicability of Bankruptcy Rule 9006 and whether or not that Rule extended the ten day period under § 546(c)(1). However, that question is irrelevant here because Movant is only entitled to reclaim that product which Debtor had on hand at the time the Demand was received.

There is no question that Movant had the right to reclaim 100 bags of product on April 7, 1989. However, no action was

taken by the Movant, such as seeking injunctive relief against the Debtor, to prevent dissipation of the product. "A right to reclamation is literally an *in rem* right. It must be implemented by immediate possession". *In re Dixie Enterprises, Inc.*, 22 B.R. 855 (Bankr.S.D.Ohio, 1982).

Technically, Bankruptcy Rule 7001(1) requires an adversary action for completion of a reclamation claim, i.e. the actual recovery of money or property from the Debtor. But in this case, the Debtor, by disposing of part of the product, has made a turnover of the property impossible. "To order reclamation where such is impossible to attain is to acknowledge a right without a remedy ... To require the reclaiming creditor to follow its demand with an adversarial proceeding would only foster a race to the courthouse". *In re Griffin Retreading Company*, 795 F.2d 676 at 679–680 (8th Cir.1986). As the 8th Circuit stated in *Griffin, supra,* "Since reclamation was made impossible by reason of the action of the bankrupt, the court, recognizing this impossibility, more appropriately should have made a judicial determination to deny reclamation and proceed to consider which statutory alternative should have been granted." 795 F.2d at 680.

 Movant requests that is reclamation rights be extended to the proceeds of the product and cites *U.S. v. Westside Bank, et al.,* 732 F.2d 1258 (5th Cir.1984). That case is contrary to the great weight of authority, (*See, e.g., In re Kentucky Flush Corp.,* 28 B.R. 808 (W.D.Ky.1983), and is in apposite here. First, the *Westside* case was interpreting Texas state law, not the Bankruptcy Code. And, second, that case held that a seller's right to reclamation under Texas law extends to "traceable" proceeds. Here, the Movant made no showing that it traced, or could trace, the proceeds of its product.

That leaves this Court to consider the two options it has under § 546(c)(2), i.e. to grant an administrative priority claim under § 503(b) or to grant a lien on the goods. To grant a lien on the goods at this time is as impossible as it is to order reclamation. The goods are gone. Therefore, the only alternative is to award an administrative priority claim under § 503(b) to the Movant. It is, therefore,

ORDERED the reclamation claim of Movant is denied and in lieu thereof Movant is granted an administrative priority claim under 11 U.S.C. § 503(b) in the amount of $1,845.00.