**In re BRADLEES STORES,
INC., et al, Debtors.**

**Nos. 00 B 16033, 00 B 16035,
00 B 16036 BRL.**

United States Bankruptcy Court,
S.D. New York.

May 1, 2001.

## MEMORANDUM DECISION DENYING, IN PART, ALLOWANCE OF CLAIM PURSUANT TO 11 U.S.C. §§ 546(c) AND 503(b)

BURTON R. LIFLAND, Bankruptcy Judge.

Florida State Games ("FSG") seeks allowance of an administrative claim for $499, 676 of pre-petition merchandise received by Bradlees Stores, Inc. ("Brad-

lees") on November 24 and 27, 2000 and $563,725 of prepetition goods received by Bradlees on December 5,6,7 and 8, 2000. In its motion, FSG argues that it shipped this merchandise based upon repeated representations made by Bradlees' personnel that FSG would be paid. FSG claims that on December 15, it was informed that Bradlees was delaying payments to vendors pending resolution of their financing situation. By letter dated December 18, 2000, FSG demanded reclamation of all goods shipped on credit during the past twenty days.

FSG asserts that it is entitled to a reclamation claim for goods delivered to Bradlees in November and December 2000, notwithstanding FSG's failure to deliver a reclamation demand to Bradlees within the statutory ten-day period set forth in section 546(c) of the Bankruptcy Code. FSG asserts that the ten-day limitation on reclamation demands does not apply. Rather, FSG maintains that because its determination to ship was based upon fraudulent misrepresentations made by Bradlees with respect to Bradlees' solvency and ability to pay, the three month time period for filing a reclamation demand set forth in section 2–702(2) of the Uniform Commercial Code ("UCC") applies.

## Background

On December 26, 2000, (the "Petition Date"), Bradlees filed a petition under chapter 11 of the Bankruptcy Code. On January 4, 2001, this court entered an order authorizing Bradlees to conduct "going-out-of-business" sales. By February 5, 2001, the GOB sales had concluded and Bradlees is no longer operating its stores. Prior to or since the Petition Date, Bradlees has received letters from vendors asserting reclamation rights pursuant to section 546(c) of the Bankruptcy Code and/or section 2–702 of the UCC aggregating in

excess of $13 million. Bradlees asserts that to the extent FSG's motion seeks a determination as to the validity of FSG's reclamation claim, that the court should defer consideration at this time because Bradlees and the Creditors' Committee are seeking a consensual resolution of the treatment of all asserted Reclamation claims. Bradlees contends that although it has various defenses to FSG's motion, it has agreed with the Committee not to raise these defenses at this time in order not to prejudice the on-going efforts to resolve consensually the treatment of all such claims. Bradlees, however, does not object to the determination of the limited issue of whether the ten-day limitation period of section 546(c) may be expanded based upon allegations of misrepresentation of solvency.

**Discussion**

The Bankruptcy Code does not create any right of reclamation for sellers of goods to insolvent buyers. It merely recognizes such a right to a limited extent in a bankruptcy case, if any such right exists under either common law or statute other than the Bankruptcy Code. Thus, Section 546(c) requires as premise that the reclaiming seller have an independent right of reclamation under applicable non-bankruptcy law. Section 546(c) then narrows those nonbankruptcy reclamation rights by imposing additional procedural and substantive requirements before such rights will be recognized in a bankruptcy case. *See Toshiba America, Inc. v. Video King of Illinois, Inc. (In re Video King of Illinois, Inc.)*, 100 B.R. 1008, 1013 (Bkrtcy. N.D.Ill.1989). Section 546(c) imposes a

strict ten-day notice period. It does not extend the ten-day period to three months in the event of written misrepresentation of solvency as does section 2–702 of the UCC.[1] Allegations of written misrepresentation of solvency are "fruitless as section 546(c) is the exclusive method by which sellers nonbankruptcy rights of reclamation of goods sold to insolvent debtors can be recognized in a bankruptcy case." *Id.* at n. 5, *citing Flav–O–Rich, Inc. v. Rawson Food Service, Inc. (In re Rawson Food Service, Inc.)*, 846 F.2d 1343, 1346 (11th Cir.1988); *In re Rozel Industries, Inc.*, 74 B.R. 643, 646 (Bankr.N.D.Ill.1987).

The cases cited by FSG, *Farmers Rice Milling Co. v. Hawkins (In re Bearhouse, Inc.)*, 84 B.R. 552 (Bkrtcy.W.D.Ark.1988) and *United Beef Packers v. Lee (In re A.G.S. Food Systems, Inc.)*, 14 B.R. 27, 28–29 (Bkrtcy.D.S.C.1980). for the proposition that it is entitled to a reclamation claim based on section 2–702(2) of the Uniform Commercial Code have been criticized by the Circuit Courts which have addressed the issue.

As noted by the Sixth Circuit Court of Appeals:

A minority of courts favor [FSG's] position, holding that a court cannot retroactively apply § 546(c) to a creditor once the creditor has satisfied state law reclamation prior to the debtor's bankruptcy. *In re Bearhouse, Inc.*, 84 B.R. 552 (Bankr.W.D.Ark.1988); *In re A.G.S. Food Systems, Inc.*, 14 B.R. 27 (Bankr. D.S.C.1980). However, an overwhelming majority of jurisdictions have held that " § 546(c) provides the exclusive

---

**1.** Section 2–702(2) of the UCC provides:

"Where the seller discovers that the buyer has received goods on credit while insolvent he may reclaim the goods upon demand made within ten days after the receipt, but if misrepresentation of solvency has been made to the particular seller in writing within three

months before delivery the ten-day limitation does not apply. Except as provided in this subsection the seller may not base a right to reclaim goods on the buyer's fraudulent or innocent misrepresentation of solvency or of intent to pay." *See* F.S.A. § 672.702 and M.G.L.A. 106 § 2–702.

remedy for a seller who seeks to reclaim goods from a debtor in bankruptcy." *In re Rawson Food Service, Inc.,* 846 F.2d 1343, 1346 (11th Cir.1988); *see, e.g., In re Dynamic Technologies Corp.,* 106 B.R. 994, 1003 (Bankr.D.Minn.1989); *In re Rozel Industries, Inc.,* 74 B.R. 643, 644 (Bankr.N.D.Ill.1987) (offering an exhaustive list of courts following the majority approach); *In re HRT Industries, Inc.,* 29 B.R. 861 (Bankr.S.D.N.Y.1983); *In re Jeanes Mechanical Contractors, Inc.,* 32 B.R. 657, 658–59 (Bankr. W.D.Ky.1983); *In re Contract Interiors, Inc.,* 14 B.R. 670, 675 (Bankr.E.D.Mich. 1981). These courts base this conclusion, in part, on the reason for § 546(c). With the passage of U.C.C. § 2–702, many courts were confused over when and how a creditor's right to reclaim under the U.C.C. coincides with the bankruptcy trustee's right to the property. Section 546(c) attempted to resolve this dilemma by "making it clear that the right of reclamation is valid although bankruptcy intervenes. However, it specifies the precise conditions under which the right will be recognized." *Jeanes Mechanical Contractors,* 32 B.R. at 659 n. 4. The language of § 546(c) also supports this interpretation. It states that the trustee's powers in bankruptcy are subject to the seller's statutory or common law right to reclamation but only as long as the seller satisfies certain conditions. By its own terms then, § 546(c) governs here. We find the majority's approach to be persuasive and adopt this approach.

*Oakland Gin Co. v. Marlow (In re Julien Co.),* 44 F.3d 426, 432 (6th Cir.1995). *See also In re Rawson Food Service, Inc.,* 846 F.2d at 1346 ( "Section 546(c) ... provides the exclusive remedy for a seller who seeks to reclaim goods from a debtor in bankruptcy."). *See In re Dynamic Technologies Corp.,* 106 B.R. at 1004 ("For purpose of the Bankruptcy Code, the exis-

tence of a written misrepresentation of insolvency has no relevance and will not substitute for the ten-day written demand.") *citing* R. Duesenberg and L. King, 3A Bender's Uniform Commercial Code Service § 13.03(4), at 13—65–66 (1982); *Allstate Fabricators Corp. v. Flagstaff Foodservice Corp. (In re Flagstaff Foodservice Corp.),* 56 B.R. 899, 908 (Bkrtcy.S.D.N.Y.1986) ("It appears to be well settled law that Code § 546(c) is an exclusive remedy for reclaiming creditors."); *Crown Quilt Corp. v. HRT Industries, Inc. (In re HRT Industries, Inc.),* 29 B.R. 861, 864 (Bankr.S.D.N.Y.1983) ("the substantial weight of authority holds that Section 546(c) represents an exclusive remedy, and that unless a seller meets the ten-day notice requirement, it has no other common law or statutory right of action"); *Ecolotec, Inc. v. Deephouse Equipment Co. (In re Deephouse Equipment Co.),* 22 B.R. 255, 258 (Bkrtcy.D.Conn.1982) ("To date, every bankruptcy court which has considered the question has held that section 546(c) represents an exclusive remedy...."); *B. Berger Co. v. Contract Interiors, Inc. (In re Contract Interiors, Inc.),* 14 B.R. 670 (Bankr.E.D.Mich.1981) ("The purpose set forth in the legislative history can be given effect only if it is held that section 546(c) provides the exclusive remedy for a reclaiming seller." ).

Based on the foregoing, the ten-day notice period of section 546(c) of the Bankruptcy Code cannot be extended based upon Bradlees alleged misrepresentation of solvency, prior to the delivery of goods, to FSG. Accordingly, any reclamation claim by FSG would be limited to those goods that were delivered within the ten-day period as set forth with 546(c) of the Bankruptcy Code. Submit an order consistent with this decision.